The Ciiiee Justice
delivered the opinion of the court.
Walls commenced proceedings against Endel and others, under the act relating to forcible entry and unlawful de-tainer. The premises are a house and lot in the city of Gainesville. On the' part of' the complainant it was shown that the premises were occupied by him and his family, and had so been occupied for several years. In thé latter part of 1877, Walls was taken to the lunatic asylum as a lunatic. While he was thus away, the Endels went repeatedly to the house, then occupied by Walls’ wife, and wanted her to give up possession to them, representing that they had a title by deed from Walls and wife, and were entitled to possession; told her she could not afford to pay them rent; that they had rented the house to another, and insisted ‘ on her leaving and giving up possession. Mrs. •Walls was sick and much worried on account of the sickness and absence of her husband in the asylum, and the efforts and importunities of the Endels, and left the premises, when the Endels immediately took possession and put a tenant in, who remains in possession under them. Walls came home in January, 1878, and meeting one of the En-dels, said to him that he had heard they had turned his wife out of possession, and asked who was in the house. Endel answered, “Nobody,” and added, “that is all right, General, if you come around to-morrow I will give you the key.” Walls went to them the next day, and they told him they “had rented the house to Dr. Seigler, and he was already in.”
Walls testified that he had never agreed to pay rent to the Endels. M. Endél, Jr., testified, under objection, among other things, that “Walls was our tenant from July, 1876, to the time he was declared a lunatic. We bought the house from him in July by an absolute deed.”
Defendants offered in evidence a deed, executed by Walls and wife, dated 28th July, 1876, for the consideration of $1,250, conveying the premises to the Endels. The introduction of the deed was objected to by appellant’s counsel on the ground that the .question of title was not involved, and the objection was overruled, and the deed permitted to be read in evidence on the part of the defense, to which ruling appellant excepted. Counsel also requested the court to instruct the jury not to consider any testimony of witness relating to the deed, which request the Judge refused, to which exception was noted.
■ Appellant introduced an agreement dated 29th July, 1876, executed by the Endels, .the grantees in the deed, whereby they covenant to sell and convey to Walls the same premises on payment to them by Walls of the sum of twelve hundred dollars by the first day of December, 1877, else this agreement to be iiu.ll and void.
The testimony shows that the consideration for the conveyance by Walls and wife to Endel and son was in part a balance of about six hundred dollars, owing by Walls to them on merchant’s account, and the balance to be paid by advances and credits to Walls to carry on his plantation.
During the presentation of the testimony by complainant, he offered the deposition of Mrs. Walls in evidence, but -it was objected to on the ground that she being the wife of complainant, -was -not a competent witness and the testimony was excluded by the court, to which an exception was taken by complainant.
The Judge delivered'his charge to the jury, and instructions were given or refused, as offered by respective counsel, but no exceptions were noted.
The jury returned a verdict for the defendant, whereupon *127 judgment was rendered against complainant. The court adjourned for the term immediately after the rendition of the verdict, and before a motion for a new trial could he spread upon the minutes. Complainant appeals.
The errors relied upon to reverse the judgment are: 1. The rejection of the deposition of Mrs. Walls as evidence, no objection to her competency having been made until the trial. 2. The admission of'the deed of Walls and wife as evidence for defence. 3. The refusal of the court to instruct the jury to disregard the testimony of defendants respecting .siich deed.
I. As to the rejection of the testimony of Mrs. Walls in behalf of her husband, it is insisted that the objection made ht the time of the notice of talcing the deposition is the only one that tían be urged. That was as to the manner and time of taking it. That she was not a competent witness in her husband’s behalf need not be argued. She was not competent at common law, and the statute of this State had not made her so at the time of this trial. Objections to competency can be made when the deposition is produced, in the same manner as when the witness is tendered for examination on the trial. (Thomp. Dig., 340.) There is nothing in the peculiar circumstances of this case or of the parties which allows an exception to the general rule of competency. (1 Green]. Ev., section 334, et seq.)
II. The defendants offered and the court admitted them to introduce a deed of conveyance of the premises. The only purpose of showing this deed was to show defendants’ title as a supposed justification of their entry and detention. In proceedings of this character, evidence of title cannot justify a forcible or wrongful entry, or an unlawful de-tainer. Neither party can give evidence of title as a foundation for the right to maintain or to defend in this proceeding. Title deeds are not received except where, the possession of a part being shown, the deed is examined for the purpose of ascertaining the boundaries or the superficial extent of the premises. (See' the numberless authority cited in the-Digests.) Our statute is explicit that “no question of title, but a right of possession and damages, shall' be invoked in the action.” (Chapter 1630, act of 1868, sec. 20.)
The complaint here is for a forcible turning out of complainant and an unlawful withholding of the possession. If the entry is forcible or unlawful and the possession is withheld without the consent of the party evicted, the summary remedy provided by statute may be employed, and the question as to who has the better title is not permitted to be tried under such proceeding. The real question is whether the possession is unlawfully withheld by defendant after obtaining it. His title, if he has one, will not protect him in such possession.
It is evident from the proceedings before the court, that the sole purpose of the offer and admission of the deed in evidence, was to show the defendants’ title as a justification of the entry and detention. The court overruled the objection to the introduction of the deed, which objection was upon the ground that the title was not in question; and the court also refused to charge the jury that they should not consider the testimony in reference to the deed. The charge of the court submitted the matter to the jury as a question of title. He instructed them that if they should find that the deed and the agreement were parts of one transaction and constituted a mortgage by Walls to Endei, then Walls had the right of property and of possession until a foreclosure. It thus appears that the jury, under the direction of the court, considered the question of the title as derived from the deed; and this the statute expressly forbids. We can conceive no ground for the -introduction of the deed or the agreement in this case.
The only evidence in this rcord^ bearing upon the issues, was the occupation by Walls and his family for several years of the premises as a residence, the frequent visits of the Endels, or one of them, to the house while Walls was shut up in a Lunatic Asylum, the persistent efforts, “out of pure kindness,” to induce Mrs. Walls to give up to them the possession, by representing to her the poverty and helplessness of her condition; that her title was gone; that she would be unable to pay the rent they demanded; that they had rented the premises to another; all this without notice to her husband, or to his committee or guardian, until she, “sick and worried,” (as the evidence shows,) was induced to leave, and the Endels forthwith took and hold the possession thus acquired. The apparently unexpected apparition of Walls returning from the Lunatic Asylum, and the conversation between him and Endei on that occasion, may have a bearing upon the transaction. These were the principal facts upon which the jury should have determined the issues, instead of a consideration of the character of the title.
The yielding by the ‘“sick and worried” wife of the lunatic of the possession, under these circumstances, can have no influence upon the rights of Walls, nor upon the rights of the defendants.
The degree of “force” necessary to be shown to sustain the charge of a forcible entry may be ascertained by consulting the American cases cited in n. 1, sec. 787, Taylor’s Landlord and Tenant, sixth edition; see, also, 1 Head (Tenn.), 136; 4 Bibb, 388; 2 Swann, 50.
In proceedings of this character there may be a conviction of the unlawful detainer alone, or of the forcible entry and unlawful detainer, the detention being the substantial question and the gist of the proceeding; the unlawful entry and the unlawful detention are two distinct offences which may, under the statute, be tried together. (People vs. Anthony, 4 Johns., 201; People vs. Reichert, 8 Cow., 226; Foster vs. Kelsey, 36 Vermont, 199; Cammack vs. Macy, 3 A. K. Mar., 296.)
The judgment must be reversed with costs, and the cause remanded with directions that the verdict be set aside and a venire do novo awarded.
Mr. Justice Westcott did not sit in this case.