D. S. PEDDICORD, Appellant, v. ELIJAH KILE, Appellee.

Forcible Entry and Detainer: EVIDENCE. In an action for forcible entry and detainer, testimony that the defendants had been in possession of the premises in question under a lease from a person named for a term of two years, and raised crops thereon, that at the time in question they were still in possession, and that they had leased the premises for the succeeding year is admissible to explain the possession of the defendants, and to disprove that they obtained possession through force, fraud or stealth.

*Appeal from Dallas District Court.*—HON. J. H. HENDERSON, Judge.

MONDAY, OCTOBER 19, 1891.

ACTION for forcible entry and detainer. The defendants were found not guilty in justice's court, and judgment was there rendered in their favor for costs. The plaintiff thereupon removed a portion of the proceedings to the district court for review by writ of error. On the hearing in that court the judgment of the justice's court was affirmed. The plaintiff appeals. *Affirmed.*

*Cardell & Nichols,* for appellant.

*White & Clarke,* for appellee.

ROBINSON, J.—The petition filed in justice's court alleges that on the fourth day of March, 1889, the plaintiff was in the actual use, occupancy and possession of land, which was duly described; that thereafter, and while the plaintiff was in the occupancy and possession of the premises stated, the defendants, by force, intimidation, fraud and stealth entered upon the prior actual possession of the plaintiff, by breaking and cutting down the fences and gates on the premises, and driving therefrom the plaintiff's stock, and detained the premises by threats of violence, and now are in possession of and hold the same, and refuse to allow the plaintiff to enter thereon. The answer denies all the averments of the petition, excepting so much as charges that the defendants are in possession of the premises.

On the trial of the cause in justice's court one Leonard was permitted to testify that the defendants, Kile and Goldsberry, had made to him their promissory note for the rental of the premises on the eleventh day of March, 1889. Kile was permitted to testify that he had leased the premises of Leonard for the last two years, and had farmed them, raising thereon corn, oats and hay; that he had never surrendered possession of the premises, and that he was then, and had been for two years, in the actual possession of them, and had again leased them. Goldsberry was permitted to testify that Kile had been in possession of the premises for two years, and the last year had raised corn, oats and hay thereon; that he was then in possession of the premises, and had not surrendered them. The justice asked some questions of Leonard, but it does not appear that they were answered. The appellant

objected to the testimony of Leonard on the ground that it was immaterial, irrelevant and not proper cross-examination. The testimony of the other witnesses named was objected to on the ground that it was immaterial, irrelevant, and "calling for the opinion of the witness." The testimony of Goldsberry was also objected to on the ground that it was inconsistent.

The pleadings presented two questions for determination, i. e.: First. Did the plaintiff have actual possession of the property at the time in controversy? Second. Did the defendant enter upon such possession by force or intimidation or fraud or stealth? The alleged prior possession of the plaintiff was denied by the answer, and the testimony, which showed that Kile had been in possession of the premises for a term of two years, had raised crops thereon, and had not surrendered possession, was competent to show that the plaintiff did not have the possession he claimed. It was not necessary, perhaps, to show that Kile was in possession under a lease from Leonard, but that fact, coupled with the fact of his possession, tended to disprove the claim that he was in possession by force, intimidation, fraud and stealth, and to explain his possession. There is nothing to indicate any attempt to investigate the title to the premises. Whether Leonard was the owner of them, or claimed the right to lease them, does not appear to have been investigated. It is said that the statements of witnesses that Kile was in possession, and that he had not surrendered possession at the time in question, were mere expressions of opinions in regard to a matter which it was the duty of the court to ascertain and determine. Whether a person is in possession of property may be a question of law, to be determined from facts proven, but it is usually little more than a question of fact, concerning which any intelligent observer is qualified to testify. When an issue is presented as to the character and suffi-

ciency of an alleged possession the parties in interest can show the facts and protect their rights by means of cross-examining the witnesses. *Fisher v. Bennehoff*, 13 N. E. Rep. (Ill.) 154; *Knapp v. Smith*, 27 N. Y. 281. Whether the testimony of Leonard was proper on cross-examination we are unable to determine, as his testimony on direct examination is not given.

We discover no error in any matter of which complaint is made. The judgment of the district court is, therefore, AFFIRMED.