ELIZABETH HOFFMAN, Admx.

*v.*

JOSEPH REICHERT *et al.*

*Filed at Mt. Vernon October 27, 1893.*

1. FORCIBLE ENTRY AND DETAINER—*when entry is unlawful.* Where the plaintiff in an action of forcible entry is in the *bona fide*, peaceable possession of a coal mine in his own right, and while so in possession the defendant approaches the plaintiff's employes and induces them to surrender possession to him, his possession thus acquired is unlawful, and can not be maintained.

2. Where a director and treasurer of a mining corporation takes possession of the mine, his possession will be that of the company; and if the corporation obtains possession through other officers he can not maintain forcible entry and detainer against the corporation, although he may have become the purchaser of the mine under a sheriff's sale, if the time for redemption has not expired.

3. CORPORATION—*directors acting in their own interest.* The directors of a private corporation have no right, under any circumstances, to use their official position for their own individual benefit.

4. SAME—*remedy of officer who is a creditor.* If a private corporation is indebted to a director, and refuses to pay him, he will have the right to obtain a judgment, and levy his execution upon the property of the corporation and sell it, the same as any other creditor; but he has no right to avail of his position, as an officer of the corporation, to obtain possession of the corporate property, and then use the advantage thus gained for his own private interest.

5. SAME—*right of officer as purchaser at judicial sale.* The fact that a director of a mining corporation may have become the purchaser of the leasehold interest of the company at a sale under execution will not give him title to the property before the time of redemption expires, or the right to take possession of the property in his own right.

6. If he takes possession of the property so sold, before the time of redemption expires, it will be presumed to have been for the corporation; and if he expends money in repairing the mine and placing it in condition for being successfully operated, this will be regarded as having been done for and in behalf of the corporation, and he will be entitled to recover for such moneys and outlays so expended in placing the mine in condition for operation.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. W. H. SNYDER, Judge, presiding.

This was an action of forcible entry and detainer, brought by plaintiff on the fifth day of December, 1887, before a justice of the peace, for the recovery of a certain coal mine, with the machinery and appurtenances thereof, known as the mine of the Freeburg Coal Company. On a trial before the justice the plaintiff was defeated, and on appeal to the circuit court a trial before a jury resulted the same way. The plaintiff then appealed to the Appellate Court, where the judgment of the circuit court was affirmed.

The Freeburg Coal Company is a corporation organized under the general incorporation statute of Illinois. It held a lease on certain land in St. Clair county, by which all the coal in, under and throughout the land was granted to it, with the right to mine the same, and this lease was to continue until all the minable coal was taken out. The mine had been opened and worked for a number of years, until December 12, 1884, when it took fire and had to be closed up to save the mine. Plaintiff in error was at this time, and had been for quite a time prior thereto, a director and treasurer of the coal company. At a meeting of the stockholders held December 29, 1884, it was determined that the mine should be kept closed until the fire had become extinguished. The company being indebted to plaintiff in error upon a note for $1017, he sued the company and recovered a judgment against it. An execution was issued upon this judgment, and levied upon the leasehold interest in the lands above referred to, and also upon all the personal property of the company, consisting of engine, boiler, a large quantity of mining tools, etc. A sale was made under this levy on the eighth day of January, 1887, the leasehold interest bringing $100 and the personal property $500. Plaintiff in error became the purchaser, and as

certificate of purchase was issued to him on the sale of the leasehold interest. In April, 1887, Hoffman took possession of the mine, and in conjunction with defendant in error Joseph Reichert, who was the president of the coal company, negotiated with parties to take out the water that had accumulated in the mine. Finding that it would require the expenditure of a considerable sum of money to open the mine, Reichert declined to go on in the matter with Hoffman, telling Hoffman, as Hoffman says, that he might go ahead and get his money out of it if he could. Thereupon Hoffman did go ahead and opened the mine at a cost of about $1600. About the time the work of getting the mine ready to be worked was completed, Hoffman fell sick, and was confined to his house for a number of weeks. At this time the directors of the company held a meeting, and resolved that the company would redeem from Hoffman's sale the leasehold interest, and the president was directed to make the redemption, which was done. One Ogden had been, under Hoffman, in charge of the work of re-opening the mine and getting it ready for the mining of coal, and was still so in charge when the redemption took place. After redeeming from the sale of the leasehold interest, Reichert, as president of the company and for the company, went to the mine and took possession and began raising coal, whereupon Hoffman began this action.

Mr. CHARLES W. THOMAS, for the plaintiff in error:

Any entry made upon the actual and peaceable possession of another is forcible if made against the will of the possessor. Actual force is not necessary to constitute a forcible entry. *Croff* v. *Ballinger*, 18 Ill. 200; *Smith* v. *Hoag*, 45 id. 250; *McCartney* v. *Hunt*, 16 id. 76.

In the case last cited, the owner of land procured the tenant of another, who was in possession, to attorn to him, and the Supreme Court held that this amounted to a forcible entry.

It is well established that title can not be inquired into in this action. It has been repeatedly held by this court that the question of title is not, in any sense, involved in an action of forcible entry and detainer. *Hardisty* v. *Glenn*, 32 Ill. 62; *Shoudy* v. *School Directors*, id. 290; *Smith* v. *Hoag*, 45 id. 250; *Doty* v. *Burdick*, 83 id. 473.

There is no legal principle which forbids an officer of a corporation from buying its property at public or private sale. *Merrick* v. *Peru Coal Co.* 61 Ill. 472; *Harts* v. *Brown*, 77 id. 226; *Savings Bank* v. *Schott*, 135 id. 655.

A director or officer of a solvent corporation may deal with it, loan it money, and take security therefor, in like manner with a stranger. *Beach* v. *Miller*, 130 Ill. 162; *Roseboom* v. *Whittaker*, 132 id. 81.

Messrs. BARTHEL & FARMER, and Messrs. TURNER & HOLDER, for the defendants in error:

A director of a corporation has no right, under any circumstances, to use his official position for his own benefit. In accepting his appointment as treasurer he undertakes to give the company the benefit of his best care and judgment. 1 Morawetz on Corp. sec. 517; *Hoyle* v. *R. N. Co.* 54 N. Y. 314; *Railroad Co.* v. *Kelley*, 77 Ill. 426.

A director of a corporation is a trustee for it, and can not speculate upon its property to the disadvantage of his associate directors. He can not claim possession of the property over which he is trustee and custodian, in exclusion of the corporation. The possession of the trustee is presumed to be the possession of the *cestui que trust.* He can not claim adversely to those for whom he acquired and holds the property. *Oliver* v. *Piatt*, 3 How. 333; *Speidel* v. *Henrici*, 120 U. S. 386; *Railroad Co.* v. *Durant*, 93 id. 576; *Van Epps* v. *Van Epps*, 9 Paige, 241.

Possession of an employe is still the possession of the employer, and the employer has a right to summarily discharge

an employe for a willful neglect of duty, and refusal to perform the labor for which he was employed. *Spain* v. *Arnott,* 2 Stark. 156; *Singer* v. *McCormick,* 4 W. & S. 265.

A purchaser of land at a judicial sale can not recover possession from a judgment debtor, in forcible detainer, until he obtains a deed. *Kratz* v. *Buck,* 111 Ill. 40.

When the plaintiff brings forcible entry and detainer, he admits the property sued for to be real estate. *Kassing* v. *Koehane,* 4 Br. 460.

In order to recover in an action of forcible entry and detainer, the plaintiff must prove actual possession of the premises by him at the time of the alleged forcible entry. *Mann* v. *Brady,* 67 Ill. 95.

Where suit in forcible detainer is brought against two or more jointly, the plaintiff must show that they hold the possession jointly, or what particular portion of the premises each one holds. Failure to prove a joint holding is a misjoinder, and fatal to a recovery. *Humphreyville* v. *Davis,* 27 Ill. App. 142; 1 Chitty's Pl. 86.

That Hoffman was never in possession of the mine, but was exercising control over it as a director, is a question of fact established by the Appellate Court.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

We think it is a plain proposition, and one, too, which will not be controverted, that if Hoffman was in the *bona fide,* peaceable possession of the coal mine in his own right, and while so in possession the defendant approached the employes of Hoffman and induced them to surrender possession to him, and defendant thus entered into the possession of the mine, the defendant's possession would be unlawful and could not be maintained. The case, however, made by the record, stands upon a different basis, and does not fall within the rule indicated. As we understand the record, the possession of the

mine never passed out of the Freeburg Coal Company. At the time the mine took fire, in 1884, it had been in the possession and occupancy of the coal company for several years, and that possession was never abandoned or surrendered to any person. It is true that the mine had been closed, but this was done for the purpose of extinguishing the fire, and for no other purpose. In April, 1887, Hoffman, and Reichert, president of the coal company, took possession and commenced making arrangements to remove the water which had accumulated in the mine. At that time Hoffman was still a director and treasurer of the coal company, and whatever he and the president of the company did in resuming the possession of the property, in the absence of any act or declaration to the contrary, it will be presumed they did for and on behalf of the company, and that the possession thus acquired was the possession of the coal company. It is true that the leasehold interest of the company had been sold on execution and purchased by Hoffman; but the time of redemption had not expired, and he had no title to the property, and had no more right to take possession of the property in his own right than a stranger had.. Whatever Hoffman did in repairing the mine and placing it in condition so that it could be successfully operated, must be regarded as having been done for and on behalf of the coal company, and in an appropriate action he would be entitled to recover for all moneys and outlays expended in placing the mine in proper condition for operation. If Hoffman, before taking possession of the property, had resigned as director and treasurer, and notified the company that he would no longer act for it, a different question would be presented. But such was not the case.

In speaking in regard to the duties of directors of a corporation, Morawetz on Private Corporations, (vol. 1, sec. 511,) says: "The directors or trustees of a corporation, in accepting their appointment to office, impliedly undertake to give the company the benefit of their best care and judgment, and

to use the powers conferred upon them solely in the interest of the corporation. They have no right, under any circumstances, to use their official positions for their own benefit or the benefit of any one except the corporation itself. It is for this reason that the directors have no authority to represent the corporation in any transaction in which they are personally interested, in obtaining an advantage at the expense of the company. The corporation would not have the benefit of their disinterested judgment under these circumstances, as self-interest would prompt them to prefer their own advantage to that of the company." The same rule is announced in *Gilman, Clinton and Springfield Railroad Co.* v. *Kelly*, 77 Ill. 434.

If the coal company was indebted to Hoffman and refused to pay him, he, no doubt, had the right to resort to the courts and obtain a judgment, and after obtaining judgment he was at liberty to levy on the property of the corporation and sell the same, in like manner as other creditors. But he had no right to avail of his position as an officer in the corporation to obtain possession of the corporate property, and then use the advantage thus gained for his own private interest. There was a trust relation existing between him and the corporation. He was a trustee, and the possession he acquired was that of the *cestui que trust*. The possession of the mine, therefore, held by Hoffman, was the possession of the corporation, which it might resume at any time it saw proper.

What has been said disposes of the questions raised on the instructions.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE PHILLIPS, having heard this cause in the Appellate Court, took no part in the decision here.