# O'Donohue v. Holmes.

*Action of Unlawful detainer.*

1. *In unlawful detainer title cannot be enquired into.*—In an action of unlawful detainer the merits of the title to the property, for the possession of which the action is brought, can not be enquired into.

[O'Donohue v. Holmes.]

·2. *Same.*—In an action of unlawful detainer, there is no error in denying plaintiff's· offer to give in evidence a deed conveying the property to him.

3. *Proof of previous constructive possession, not sufficient to support unlawful detainer where entry was peaceable.*—To support the action of unlawful detainer where the entry was peaceable,and there was no such relation between the parties as prohibited the defendant from controverting the plaintiff's previous possession, the plaintiff must show such actual possession, as that if continued for the necessary period, the possession would vest in him the legal title against the true owner, if there was such title outstanding; proof of mere previous constructive possession is not sufficient.

4. *Same; case at bar.*—Where the only evidence of previous actual possession on the part of plaintiff in an action of unlawful detainer is that his agent had gone on the property (a vacant, uninclosed lot) about once a week for some months prior to an inclosure of it by defendant, and on several occasions had shown the property to different parties, to whom he had offered to sell it, as belonging to the plaintiff. there is no error in charging affirmatively for defendant.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. JOHN R. TYSON.

This was an action of unlawful detainer, brought by the appellant, Dennis O'Donohue, against the appellee Henry Holmes. Issue was joined on the plea of the general issue.

Francis Kiernan, a witness for the plaintiff testified, that he was the agent of the plaintiff O'Donohue, employed by the plaintiff, and asked to take charge and possession of the land involved in controversy, for the purpose of selling it; that as such agent he, Kiernan, took possession of said lot of land in the latter part of 1892; that he continued in possession of said lot by going on it, claiming it as O'Donohue's property up to 1893, when the defendant took possession of said lot and put a fence around it. That during the time from the latter part of 1892 to November, 1893, he went upon the said lot once or twice a week, and offered to sell it to several persons during that time. He testified that there were no apparent evidences of possession on said land, and that it was a vacant lot until the defendant put the fence around it. The plaintiff offered in evidence a deed conveying to him O'Donohue, the said lot, and upon offering this deed in evidence, the plaintiff's attorney said to the court that he offered it, not to show title in plaintiff, but merely to show that plaintiff had received

[O'Donohue v. Holmes.]

a deed to said land. The defendant objected to the introduction of said deed in evidence, the court sustained the objection, excluded it, and to this ruling, the plaintiff duly excepted.

There was no evidence introduced on the part of the defendant. The court at the request of the defendant gave the general affirmative charge in his behalf, and to the giving of this charge the plaintiff duly excepted.

There was judgment for the defendant; the plaintiff appeals, and assigns as error the rulings of the court in excluding the deed of the plaintiff from evidence, and the giving of the general affirmative charge for the defendant.

GUY C. SIBLEY for the appellant.—*Did the court err in giving the general charge for defendant?* The testimony of Kiernan establishes his agency sufficiently to authorize him to take possession of the premises. Was he in *pedis possessio?*

The testimony is uncontradicted that he went upon the land in 1892 and continued to go upon it up to November 1893, claiming it as O'Donohue's property, pointing it out and offering it for sale. Holmes did not claim it; Holmes showed no right to it except as a squatter and there is no evidence that he Holmes paid any taxes on it. It was within the province of the jury and the jury alone, to decide upon the character of appellants possession after being instructed by the court as to what acts constituted and what acts did not constitute such possession as would have enabled appellant to maintain his action of unlawful detainer.

The doctrine is well settled that when there is any evidence, however slight, tending to support a material issue, the case must go to the jury, since they are the exclusive judges of the weight of the evidence.—Amer. & Eng. Encyc. Law Vol. 11 p. 244; (See cases cited thereunder.)

R. T. ERWIN, for the appellee, elaborated the following propositions.—The court correctly gave the general charge in favor of the defendant, because,

1st. Plaintiff failed to show such prior *actual* possession as authorized the suit. 2nd, Plaintiff failed to show an unlawful refusal to deliver possession.

Occasionally passing over a vacant uninclosed lot, and offering it for sale when no visible evidences of possession are left, is not such actual possession as authorizes forcible entry and detainer.

In order to support forcible entry and detainer, the prior possession must have been such, as if continued for the statutory period would ripen into a title.—*Citing, Espalla v. Gottschalk*, 95 Ala. 257 ; *Knowles v. Ogletree*, 96 Ala. 558.

COLEMAN, J.—The appellant sued the defendant in an action of unlawful detainer, to recover possession of a vacant lot. In this action there can be no enquiry into the merits of the title.—Code 1886, § 3389. Consequently the court did not err in excluding the deed offered in evidence by the plaintiff. The only question for consideration is, whether plaintiff offered any evidence tending to show such previous actual possession as must have existed to maintain the action of unlawful detainer. The only evidence is, that an agent of the plaintiff went upon the the vacant unenclosed lot about once a week for some months prior to its enclosure by the defendant, and on several occasions showed the lot to different parties, to whom he offered to sell it as the property of the plaintiff. There were no notices upon the lot, nor any sign, evidencing actual possession of, or claim by, the plaintiff or other person to the lot. The possession of the plaintiff by his agent, as shown in the record, however long continued, could never ripen into a legal title, on the ground of an adverse actual hostile possession against the true owner. To support the action of unlawful detainer, where the entry was peaceable, as provided in the Code, section 3380, and there was no such relation between the parties as prohibited the defendant from controverting the plaintiff's previous possession, the plaintiff must show more than a mere previous constructive possession. He must show such actual possession, as that if continued for the necessary period, the possession would vest in him a legal title against the true owner, if there was such title outstanding. When the plaintiff can not show such actual possession his remedy is in ejectment, and not in unlawful detainer.

The court did not err in giving the affirmative charge for the defendant.

Affirmed.