## SALINGER *v.* GUNN.

### Opinion delivered December 21, 1895.

TAX-SALE—VALIDITY—EXCESSIVE COSTS.—A sale of delinquent land which includes the sum of 85 cents as costs, being 25 cents more than is allowed by law, is invalid.

TAX-SALE—SEVERAL LOTS EN MASSE.—A sale in a body, and for a gross sum, of several lots of land separately assessed is void.

TAX-SALE—CONCLUSIVENESS OF RECORD.—The record of tax sales which the clerk is required to make after the sales (Sand. & H. Dig. sec. 6612) is conclusive of the amount of taxes, penalty and costs for which each tract of land was sold. (Following *Cooper* v. *Freeman Lumber Co., ante*, p. 36.)

FORCIBLE ENTRY—COSTS.—It is error to adjudge the costs in an action of forcible entry and detainer against defendant where the only evidence of possession by plaintiff was the fact that she placed some lumber on the land, which was removed by defendant.

PARTIES—SPECIFIC PERFORMANCE.—The heirs of a deceased vendor of land are necessary parties to a suit by the grantee to enforce specific performance of a contract of sale.

Appeal from Monroe Circuit Court in Chancery.

A. F. MABERRY, Special Judge.

John Gunn and William Black, doing business under the name of Gunn & Black, brought a suit in equity against Lena Salinger and Louis Salinger, her husband, to cancel a tax deed to certain town lots and other land executed to Lena Salinger. Afterwards, Lena Salinger instituted an action of forcible entry and unlawful detainer against the St. Louis, Arkansas & Texas Railroad Company for possession of the lots in controversy. On motion of the railroad company, this action was consolidated with the former suit.

Subsequently, the railroad company, on its own motion, was made a party defendant in the original suit of Gunn & Black against the Salingers, and filed its answer and cross complaint against both parties, alleging that Gunn & Black had donated the lots to it conditionally, and that it had complied with the conditions of the donation, attacked the tax title of Mrs. Salinger, assigning a number of reasons why it was void, claimed the lots on the ground of seven years' adverse possession, and asked that the title to Lena Salinger be set aside and cancelled, and that Gunn & Black be required to execute to it a deed to the property.

Louis Salinger and William Black died pending the suit, and the heirs of Black were not made parties.

The court decreed title in favor of the railroad company, as to the lots in controversy, but adjudged against it the costs of the forcible entry and detainer suit; decreed title in favor of Gunn and the heirs of Black as to the other land; and cancelled the tax title of Mrs. Salinger. From the judgment, Lena Salinger appealed, and all the other parties have prosecuted cross appeals.

*H. A. Parker* and *J. E. Gatewood, Sr.*, for appellant.

1. It was error to decree to Gunn & Black blocks P and Q. Salinger answered the cross-complaint, but Gunn & Black did not. On the pleadings, then, the railroad was entitled to a decree for a deed to the property. Gunn & Black having failed to answer the cross-complaint of the railroad company, its allegations were confessed. Sand. & H. Dig. sec. 5761, and notes jjj. There is no proof that Salinger sustained any trust relation to the railroad company, nor is there any evidence sufficient to overturn the denials under oath of the answer, sustained as they are by the evidence of Louis Salinger. 8 Ark. 10; 19 *id.* 166.

2. There was no trust in favor of Gunn & Black. They both knew of the purchase before the time for redemption expired. 40 Ark. 62; *Ib.* 503. If Louis Salinger had purchased and taken the deed in his own name, a trust would have resulted to appellant, who furnished the money. 47 Ark. 111; 42 *id.* 503; Gunn & Black not having furnished the money, even if Salinger had agreed to purchase for them, it would only be a violation of a *parol* agreement, and no trust would result. 41 Ark. 393; Bisph. Eq. sec. 80; 55 Ark. 414; Sand. & H. Dig. sec. 3469, and note *c.*

3. The tax sale is not void. Blocks P and Q were not in the corporate limits of Brinkley. The levy being for indebtedness due prior to the adoption of the constitution, the county court had power to make the levy. 32 Ark. 676; 37 *id.* 649. This was a *county* tax. The provision as to uniformity applies only to state taxes. 13 Ark. 752; 21 *id.* 625. The rate of taxation was uniform as to all the territory upon which it was levied. Rock Roe township was exempt. The legislature had power to enact the exemption. 28 Ark. 317; 37 *id.* 339; 33 *id.* 497. The levy of the school tax was made according to law. 36 Ark. 446; 49 *id.* 276; 56 *id.* 260. 56 Ark. 88 is not applicable here, for *no* costs were charged against their blocks, nor were they sold for any illegal costs. The cost of certificate of purchase and printer's fee, etc., were added *after* the sale.

*Geo. Gillham*, for Gunn & Black.

1. The firm was not made party defendant to the cross-complaint, and its allegations are not confessed.

2. The description in the bond for title to blocks P and Q is too indefinite. 30 Ark. 640; 34 *id.* 534; 41 *id.* 495; 48 *id.* 425.

2. The tax sale is void for fraud and collusion of Salinger and Black. 7 C. C. A. 105; 58 Fed. Rep. 101; 129 U. S. 512–527; 4 How. 503, 554–5; 24 Vt. 149; Dunlap's Paley's Agency (4 Am. ed.), 25.

3. The tax sale was irregular and void. A tax sale for more than one tax is void, if either tax is invalid. 21 Ark. 145; 1 Greenleaf (Me), 339; Cooley, Tax. 498. The property was sold for too much costs. 56 Ark. 88. The sale was *en masse.* 29 Ark. 476; 30 *id.* 579; 31 *id.* 314; *Ib.* 491; 60 *id.* 166; 6 Coldw. (Tenn.), 328.

*Sam H. West* and *J. C. Hawthorne*, for the railroad company.

1.   A sale of lots for taxes *en masse* is void.   Sand. & H. Dig. sec. 6502, 6607 ; 31 Ark. 491 ; 29 *id*. 476 ; *ib*. 489 ; 2 Dill. 256.   The fact that the lots were assessed *en masse* will not cure the defect, as the statutes require them to be assessed separately.   13 Rich. 491 ; 3 Nev. 341 ; 13 Wall. 506.

2.   The lands were sold for excessive costs.   56 Ark. 93. '

3.   Salinger was a mere trespasser when he entered upon the premises with a view of erecting a house thereon.   40 Ark. 192 ; 41 *id* 536 ; 38 *id*. 257 ; 38 *id*. 584.

*Rose*, *Hemingway & Rose*, for appellant in reply.

1.   The tax sale was not void because excessive costs were charged against the land.   No costs at all were charged against the land.   1 Blackwell, Tax Titles, sec. 317.

2.   The bond for title to blocks P & Q is void. The description is too indefinite.   50 Ark. 484 ; 30 *id*. 640 ; *Ib*. 657 ; 35 *id*. 477 ; 48 *id*. 477 ; 48 *id*. 425 ; 34 *id*. 534 ; 41 *id*. 495.

Tax sale
void for exces-
sive costs.

HUGHES, J.   We find, from the record of the tax sale made by the clerk after the sale of the lots and land in controversy in this suit, and to which the appellant claims title by virtue of her purchase of the same at said sale, that it appears that the lots of land sold were sold for taxes, penalty and costs, and that the costs for which *each* tract was sold exceeded the amount for which the same could have been lawfully sold by twenty-five cents.   It appears from said record that the costs for which each of said lots was sold amounted to eighty-five cents, whereas the greatest amount of costs for which each could have been lawfully sold was sixty cents, to-wit :   To clerk, "for furnishing copy of delinquent lands to printer for each tract 5c." (Sand. & H. Dig. sec. 3310) ; "for attending sales of

delinquent lands and making record thereof, for each tract aforesaid, 10c." (*Id.* sec. 3310); "for transfer on tax-books of land sold for taxes to name of purchaser 10c." (*Id.* sec. 6614); "for each tract of land sold, 10c." (*Id.* sec. 6608); "printer's fee 25c." (*Id.* sec. 4683); total, 60 cents.

The law allows 25 cents for certificate of purchase, and this must have been included in the costs for which each tract was sold. At any rate, it appears that each tract was sold for the 25 cents too much costs. Under the decision in *Goodrum* v. *Ayers*, 56 Ark. 93, this is fatal to the tax sale. It is contended that, as a block of lots was sold as one tract, 85 cents would not exceed the lawful costs. But in such case the sale is void, as held by the circuit court, because the lots were sold *en masse*, and not separately. *Cocks* v. *Simmons*, 55 Ark. 104 ; Sub. 2 of sec. 6499, Sand. & H. Digest, and secs. 6502, 6540, 6582, 6607, *id.*; *Montgomery* v. *Birge*, 31 Ark. 491.

*Sale of lots en masse is illegal.*

In *Cooper* v. *Freeman Lumber Co.*, *ante*, p. 36, this court held that the clerk's record, made after sale, under section 6612, Sandels & Hill's Digest (5769 Mansfield's Dig.), and not that made before the sale, under section 6606, Sandels & Hill's Digest (sec. 5763, Mansfield's Dig.), is the record which furnishes the evidence of the amount of taxes, penalty and costs for which each tract of land was sold, and that the showing made by that record cannot be contradicted by parol evidence.

*Conclusiveness of record of tax sale.*

It follows therefore that the tax title of Lena Salinger is void, and the decree of the court so holding is affirmed.

The court adjudged the costs of the suit of forcible entry and detainer against the railroad company. As Mrs. Salinger had no possession of the property, and, without having had possession, could not maintain forcible entry and detainer, this is error. Her possession

*As to costs in forcible entry.*

would hardly amount to a "scrambling possession." She had only placed some lumber on the lot, which was moved by the railroad company. *Anderson* v. *Mills*, 40 Ark. 192. The decree in this behalf is reversed, with directions to render decree for costs against Lena Salinger in favor of the railroad company in the suit of forcible entry and detainer.

Parties to suit for specific performance.

The heirs of William Black, deceased, were not served with process in the suit after his death, and were not made parties, so as to give the court jurisdiction to adjudicate their rights, though there was an order that the cross suit by the railroad company be revived against the administrator of the estate and the heirs of William Black, deceased, naming the heirs.

The decree is reversed, as to specific performance, for the want of proper parties, and the cause is remanded, as to this, with leave to the railroad company to bring in the heirs of William Black as defendants to their cross complaint against Gunn & Black for specific performance.