S. S. Goffin, *Plaintiff in Error*, v. Margaret McCall and T. F. McCall, her Husband, *Defendants in Error.*

Division A.

Opinion Filed March 18, 1926.

Petition for rehearing denied April 28, 1926.

*Sabel & Reinstine* and *George C. Bedell,* for Plaintiff in Error;

*Frank F. L'Engle* and *Charles A. Powers,* for Defendants in Error.

ELLIS, J.—This was an action of unlawful entry and detainer brought by the plaintiff in error, S. S. Goffin, under Section 3458, Revised General Statutes, against Margaret McCall and T. F. McCall, her husband.

The property involved was certain lots numbered four, five, six, seven and eight, block twenty-four, Neptune, according to a certain plat recorded in the public records of Duval County. The lots were vacant, that is to say unoccupied, in no one's actual possession, unfenced and unimproved on the 23rd day of March, 1925, when the plaintiff acquired a deed to them from Gertrude Thompson and her husband, T. A. Thompson.

On the sixth day of May, 1925 this action was begun. The defendants McCall had entered upon the property, built a three-strand wire fence around it and put up notices warning against trespassing under penalty of law signed by Margaret McCall. The plaintiff discovered this situation on May 3, 1925.

The lots are located on the Atlantic Beach, near the town of Pablo in Duval County, and consist of part of a sand dune.

When Mr. Goffin discovered that the lots were fenced and posted by Mrs. McCall he called upon Mr. McCall at Pablo, who claimed the property as his and asserted his right to the possession of it as against the plaintiff. Mr. Goffin then brought his action alleging in the petition that Margaret McCall and T. F. McCall, her husband, ''have unlawfully turned him out of and withhold possession of certain real estate,'' describing it.

Two proposition are insisted upon by plaintiff in error, either one of which if true, he maintains, is sufficient to support his action. First: It is contended that constructive possession of the lots by petitioner is sufficient upon which to base the action; Second, That his acts in relation to the property when he obtained the conveyance from Mrs. Thompson and her husband show such actual possession of the lots as is sufficient to sustain the action if constructive possession is not sufficient. Those acts consisted, according to the statement in the brief of counsel for the plaintiff in error, in Mr. Goffin going upon the land with Mr. Sewell, the agent through whom Mr. Goffin purchased it, the day following the purchase and ''selecting a place upon which to put a sign'' and ''a few days later he arranged with a man named Arnold to bulkhead the property'' and ''once or twice again'' the petitioner was there.

The record does not disclose that either the sign was

erected, or the bulkhead constructed or that either undertaking was actually commenced or that any trace or sign of the subsequent visits to the property were left upon it.

The statutes relating to forcible entry and unlawful detainer embrace Sections 3456 to 3475 inclusive, Revised General Statutes. They provide two remedies in favor of the person who has been forcibly or otherwise unlawfully deprived of the possession of land, or from whose possession, to which he is entitled, it is withheld against his consent.

One action rests upon a forcible or otherwise unlawful entry and detention of the premises and the other upon a wrongful withholding of possession against the consent of the person entitled to the possession. In the latter case the original entry may have been lawful or affected in a peaceable, quiet and easy manner without the consent of the person entitled to the possession. See Sections 3458 and 3459, *supra*.

These statutes which now provide a civil remedy in favor of persons who have been forcibly or otherwise unlawfully deprived of possession of land or from whose possession, to which they are entitled, it is unlawfully withheld have developed from the English Statute of 5 Rich. II, which denounced as a crime the common law right of subverting actual possession, though wrongful, by the employment of force. The common law method of forcibly taking possession by one entitled to possession from another wrongfully in possession led to breaches of the peace.

The Statute 5 Rich. II, Stat. 1, c. 8, enacted ''That none from henceforth make any entry into any lands and tenements but in case where entry is given by law, and in such case with strong hand, nor with multitude of people, but only in peaceable and easy manner.'' The punishment of

fine and imprisonment was expressly added as the statutable consequence of a violation of the prohibition.

The similarity in phraseology between that English Statute and Section 3456, Revised General Statutes, is apparent; it is almost identical.

The language of the Florida Statute is as follows: "No person shall enter into any lands or tenements but in case where entry is given by law, nor shall any person, where entry is given by law, enter with strong hand or with multitude of people, but only in a peaceable, easy and open manner."

A second English Statute, 15 Rich. II, c. 2, provided for a summary conviction for a forcible entry by a justice of the peace on view, the justice being authorized to go upon the premises, remove the force, and convict, fine and imprison the wrongdoer. A third English Statute, 8 Hen. VI, c. 9, extended the remedy to cases where there was both a forcible entry and detainer and where there was peaceful entry followed by a forcible detainer. This was the first legislation relating to forcible detainer. Two later statutes, 31 Eliz. c. 11; 21 Jac. 1, c. 15, provided for a restitution of possession to the injured party. See 26 C. J. 802, 805, 809.

The English legislation was deemed necessary to prevent disturbances of the peace which often arose from the assertion of the right by the landlord to enter upon premises and evict persons found to be in actual possession. The possession of the person evicted was often obtained lawfully as under a lease but the term having expired he held over and became a tenant at sufferance. The landlord exercising his right of entry often did so forcibly and with violence evicted the tenant, who had no action against the landlord for prespass *quare clausum fregit* because he had no title as against the landlord.

Blackstone, in speaking of a forcible entry, says: "An

eighth offense against the public peace is that of forcible entry or detainer which is committed by violently taking or keeping possession of lands and tenements with menaces, force and arms and without the authority of the law.'' Blackstone, 4 Comm. 147.

It is said that the first English Statute (5 Richard II) created one of the great differences which exist in our law between being in possession and the being out of possession of land and which gives rise to the old saying that possession is nine points of the law. See Beddall v. Maitland, L. R. 17 Ch. Div. 174; II M. A. L. 58; Newton v. Harland, 1 M. & Gr. 644.

The condition which the English Statutes sought to improve was the subversion of actual possession by the employment of force. The person who disturbed the actual possession of another by a forcible or otherwise unlawful entry was deemed to be guilty of a crime. The procedure rested upon. actual possession by the injured party. That possession the law protected against the forcible otherwise unlawful entry of the landlord or the person claiming the right of entry. The owner of the title or a trespasser who had gone into possession peaceably could be the wronged party. The circumstance of whether he was the wrongdoer or the injured party depending upon the fact of actual possession of the one being overturned by the forcible or unlawful act of the other. See 1 Cooley on Torts (3 ed.) 77.

There are several reasons, says Mr. Cooley, why the law cannot suffer a forcible entry upon a peaceable possession even though it be in the assertion of a valid title against a mere intruder. II Cooley on Torts (3 ed.) 663.

The civil remedy of forcible entry and detainer which was evolved from the English Statutes, making what is now the basis of such remedy a crime, merely has the effect of securing to the person who was in actual possession before

the eviction a remedy against the wrongdoer. There is no purpose evident in the language of the Florida Statutes to change or add to the conditions which under the English Statutes constituted a crime, but the purpose was merely to transform that which was a crime into a private wrong or tort. A civil action was merely substituted for the criminal one.

Actual possession of the premises sued for held by the plaintiff prior to the unlawful entry made by the defendant is essential to the maintenance of the action. See Lelonette's Heirs v. Lipscomb, 52 Ala. 570; Espalla v. Gottschalk, 95 Ala. 254, 10 So. Rep. 755; Campbell v. Conradt, 22 Kan. 704 Salinger v. Gunn, 61 Ark. 414, 33 S. W. Rep. 959; Spiers v. Duane, 54 Cal. 176; Hoffman v. Reichert, 147 Ill. 274, 35 N. E. Rep. 527, 37 Am. St. Rep. 219; Peddicord v. Kile, 83 Iowa 542, 49 N. W. Rep. 997; Hodgkins v. Price, 132 Mass. 196; Corlies v. Corlies, 17 N. J. L. 167; Olinger v. Shepherd, 12 Gratt. (Va.) 462; O'Donohue v. Holmes, 107 Ala. 489, South. Rep. 263.

In an action of unlawful entry and detainer this court said that ''It seems to be the law that this action can be sustained only by proof of an actual possession of the premises sued for, held by the plaintiff prior to the unlawful entry. 5 Ency. of Ev. 775.'' Again: ''Title deeds can only be used when a possession of a part of the land is shown for the purposes of showing the boundaries or the extent of the possession claimed. Walls v. Endel, 17 Fla. 478.'' See Perry Naval Stores Co. v. Griffin, 57 Fla. 133, 49 South. Rep. 554.

We are of the opinion that so-called constructive possession, that is the theoretical possession which follows the title, is not sufficient to maintain the action. There must be actual possession of the whole or a part of the premises. The subjection of the premises to the exclusive will and con-

trol of the plaintiff by means of the exercise of visible and notorious acts of dominion over them. Such possession need not be evidenced by actual residence, continuous presence or the erection of fences but there must exist some visible act or evidence of continuous control; such possession as would ripen if continued for the necessary period into legal title against the true owner if there was such outstanding title.

One cannot enumerate all the evidences of actual possession. It is sufficient to say that in this case there existed upon the premises no visible evidence of the plaintiff's possession when the defendant entered. It cannot be said therefore that plaintiff was evicted and although the plaintiff may have the legal title, a fact not to be enquired into in this proceeding, he cannot substitute this proceeding for that of ejectment or the action of trespass. It was never the purpose of the English or American Statutes that it should be so.

There was no purpose by the enactment of the Florida Statute, nor was it the purpose of the English Statute, to deprive the owner of lands of his right of entry. He must not enter unlawfully by force or otherwise. If he finds a trespasser upon his land and enters peaceably in an easy and open manner and evicts the trespasser the latter could not maintain an action of trespass *quare clausum fregit* because he has no right to the possession, but one who has entered into possession under a *bona fide* claim of right cannot be ousted by an unlawful entry. There is nothing in this record to show that the McCalls are mere trespassers nor that they did not enter under some *bona fide* claim of right and we cannot presume that they did as trespassers enter.

An entry by the owner of the title who has the right of entry or by one who enters under a bona fide claim of title

where it can be effected in a peaceable, easy and open manner is not an unlawful entry because it is given by law.

The evidence in this case is wholly lacking as to the actual possession necessary to support the action and as the action is not concerned with title the court did not err in directing a verdict for the defendant, so the judgment is affirmed.

BROWN, C. J., AND STRUM, J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the Opinion.