IOLA V. BRUMICK v. BELVA E. MORRIS

165 So. 351.
Opinion Filed December 18, 1935.
Rehearing Denied February 10, 1936.

*James B. Gibson, Jr.,* for Plaintiff in Error;
*Hampton, Bull & Crom,* for Defendant in Error.

BUFORD, J.—The writ of error brings for review judgment in favor of the petitioner in a statutory proceeding for unlawful detainer of real estate.

The law applicable to such cases is clearly stated in the opinion prepared for this Court by Mr. Justice ELLIS in the case of Goffin v. McCall, 91 Fla. 514, 108 Sou. 556.

In this case it was the contention of the petitioner that the respondents, being the owners of and in possession of the premises, conveyed the same by warranty deed to petitioner and thereupon respondents leased the premises for a definite period with option to repurchase during the term of the lease, such lease contract being in writing. That respondents did not exercise the option to repurchase. That after the expiration of the first lease another contract was entered into between the parties on the 23rd day of March, 1934, therein and whereby the respondents were granted an option to repurchase the property with a loan to be procured from Home Owners Loan Corporation. This option was for a period of three months from date thereof and by its terms became null and void if not exercised within that time. That it was not exercised.

The respondents at all times had remained in possession of the property. After expiration of last option petitioner demanded surrender of possession of the property. Re-

spondents failed to surrender possession of the property to petitioner and thereupon this statutory summary proceeding was instituted.

Under the principles of law stated in Goffin v. McCall, *supra,* the remedy invoked is not applicable.

The statutory remedy to be invoked in such cases as this is that provided by Sections 3534 R. G. S., 5398 C. G. L., *et seq.* We do not hold, however, that the procedure afforded by these statutory provisions excludes the right of proceeding in equity to enforce specified performance of a contract for the delivery of possessions.

For the reasons stated, the judgment should be reversed. It is so ordered.

Reversed.

WHITFIELD, C. J., and ELLIS and BROWN, J. J., concur.
TERRELL and DAVIS, J. J., dissent.