E. W. CLARK, APPELLANT, VS. H. WISTAR RUGG, APPELLEE.

1. Where a Circuit Judge, in pursuance of Sec. 7, Art. 6, of the Constitution, has been assigned to hold a term of court in a county in another Circuit, he becomes, *pro hac vice*, the Judge of the Circuit Court for that county during the continuance of that term ; and during that time the power of the resident Judge is superseded as to all causes pending in the Circuit Court in that county.

2. The rules of the Circuit Court in equity require that when an injunction, receiver or other special order before final decree is desired, it shall be specially asked for in the bill. Rule 25.

Appeal from the Circuit Court for Leon county.

Section 7 of Article 6 of the Constitution of Florida is as follows :

SEC. 7. There shall be seven Circuit Judges appointed by the Governor and confirmed by the Senate, who shall

hold their office for eight years. The State shall be divided into seven Judicial Circuits, the limits of which are defined in this Constitution, and one Judge shall be assigned to each Circuit. Such Judge shall hold two terms of his court in each county within his Circuit each year, at such times and places as shall be prescribed by law. The Chief-Justice may, in his discretion, order a temporary exchange of Circuits by the respective Judges, or any Judge to hold one or more terms in any other Circuit than that to which he is assigned. The Judge shall reside in the Circuit to which he is assigned.

The other facts are stated in the opinion.

*John A. Henderson* for Appellant.

1st. " One Judge shall be assigned to each Circuit." The Chief-Justice may, in his discretion, assign or order any Judge to hold one or more terms in any other Circuit than that to which he is assigned. Const. 1868, section 7, art. 6. The Judge of the Third Circuit, having been assigned regularly, to hold the term of the Circuit Court for Leon county in the Second Circuit, became the Judge of the said court for Leon county, but not elsewhere, in the Second Circuit, during the specified term, and no longer. Judge Vann had all the powers of the Circuit Court over this case, at the time of making the order of March 26th by Judge Walker. Walker had none. Bear vs. Cohen, 65 N. C., 511.

2d. Receiver will not be granted before decree, unless a bill has been filed containing a specific prayer that a receiver may be appointed. Dan. Ch. Plead. and Prac., (5th Ed.,) sec. 1734, and authorities cited. And only on evidence founded on the allegations of the bill. Ibid, sec. 1736 ; 1 Beavan, 301–6.

3d. The general rule is that a receiver cannot be appointed without notice. Dan. Plead. and Prac., sec. 1735, and note 1. The exceptions are " where irreparable injury would be sustained by delays," or " where the property would be likely to perish before the defendant could have notice and be heard." Same note. And then always the particular circumstances, which render the summary proceedings necessary, should be stated in the bill or petition upon which the application is grounded. Verplanck vs. Hor. Ins. Co., 2 Paige, 438 ; Swepson vs. Call & Baker, 13 Fla., 337.

4th. See 13 Fla., 337; Thompson vs. Maxwell, 14 Fla., 773.

5th. See Dan. Plead. and Prac., sec. 1740.

*Geo. W. Walker* for Appellee.

.The first assignment of errors is that Judge Walker, at the time of granting an order appointing a receiver in this cause, had no jurisdiction for the reason that by order of the Chief-Justice another Judge, (Vann), was presiding over a term of court in Leon county, one of the counties included in the Second Judicial Circuit of this State, of which Judge Walker is the regularly constituted and appointed Judge.

Judges shall hear and decide cases pending in equity whenever the same may be in a condition to be tried and determined, whether in vacation or term time of the courts, and all decrees so rendered in vacation shall have the same force and effect as if rendered in term time. McC. Dig., 165.

How are the Circuit Judges appointed ?

There shall be seven Circuit Judges *appointed* by the *Governor* and *confirmed* by the *Senate.* Sec. 7, Art. 6, Const. 1868.

How are they removed from office ?

By *impeachment.* McC. Dig., sec. 1, p. 571.

I can see no authority under either of the above authorities granting to the Chief-Justice the power to *dispossess* or *remove* a Circuit Judge from his office, but do see the power to place him in vacation during a term by appointing a Judge of another Circuit to hold that term, under section 26, McC. Dig., p. 336. A Judge is considered in vacation when not presiding over a term. If, therefore, according to and by the express authority of our statute, the Chief-Justice orders, as in this case, the Judge of the Third Circuit to preside over a term in the Second Circuit for cause, it places the Judge of the Second Circuit in vacation to which his judgeship necessarily follows, he not having been removed or dispossessed of his office as Judge, therefore, he still being Judge and in vacation, has he not the power to hear equity cases. It is not contended that Judge Vann had no jurisdiction, but that Judge Walker did have jurisdiction; that their jurisdiction was concurrent and, therefore, it was elective as to the Judge before whom we wished to appear. We cite a case; while the decision is based on a statute, still the same general principle is involved. Cobin vs. Berry, 83 N. C., 27.

As to concurrent jurisdictions. 79 N. C., Haywood vs. Haywood, 42; 69 N. C., p. 126.

The second cause assigned as error is the failure of praying specially in the bill for the appointment of a receiver. We insist that this is not necessary, but that upon bill filed for the purpose of closing partnership concerns the appointment of a receiver is a matter of course. Martin vs. VanSharick, 4th Paige, 479; Innes vs. Lansing, 7th Paige, 583.

And again, it is enough that it be plain that it is necessary to put an end to the concern. Kerr on Receivers, p. 75; Dan. Ch. Plea. Pr., Perkin's Ed., Vol. 3, p. 1974; 6th Fla., 142.

As to the third cause assigned as error, viz: Notice not having been given. The general rule is that an application for a writ of injunction or for the appointment of a receiver must be upon notice to the opposing parties, yet if the act to be prohibited be such that delay would be productive of serious damage the writ will be granted or a receiver appointed ex parte. *The emergency must be judged of by the Chancellor in the exercise of a discreet judgment.* 13 Fla., 337; Rule 46 of Circuit Courts in Suits in Equity.

In this case there were two affidavits as to the imminent danger of the property being seriously damaged filed with the clerk and presented to the Judge upon the application for the appointment. See on this point Dan. Ch. Pl. & Pr., Perkin's Ed., page 1976.

As to the fourth assignment of errors, "that the receiver was appointed without bond being required of or executed by complainant," a receiver is an officer of the court, therefore when the court directs the property to be taken by a receiver it is supposed to be in the hands of the court, and it would seem a great hardship should the court compel complainant to give bond for the faithful performance of a duty of one of its own officers.

Fifth assignment of errors is: " That the receiver was not required to give bond."

The question whether or not bond shall be required of a receiver is a matter wholly within the discretion of the court and to be governed by the circumstances of each case. Dan. Ch. Pl. & Pr., Perkin's Ed., page 1977 ; High on Receivers, ch. 5.

And of that chapter, especially §120 : " In New York the obligation of a receiver to give adequate security for the faithful performance of his trust is regarded as being founded upon the general practice of courts of equity, *and it is held to be within the power of the court to dispense with se-*

*curity in cases where it is plainly unnecessary."* And §122: " Where a receiver is appointed as a part of the final judgment or decree in the cause and for the purpose of carrying out and executing that decree the fact that the court has failed to require any bond of the receiver constitutes no ground for the reversing of the decree on errors, since the omission will be regarded as the fault of the defendant in not insisting upon a bond."

THE CHIEF-JUSTICE delivered the opinion of the court.

Rugg filed his bill in Leon county, Second Circuit, to dissolve a partnership between himself and Clark in a certain steamboat, and the sale thereof and distribution of the proceeds, and for general relief. The bill was filed March 17th, 1884. On the same day the Spring Term of the Circuit Court commenced, Judge Vann, of the Third Circuit, presiding in place of Judge Walker, of the Second Circuit, under the order of the Chief-Justice assigning Judge Vann "to hold the term." Const., Art. 6, §7. The term of court was held by Judge Vann until the second day of April, when it was adjourned *sine die.* During the term the bill in this cause, together with certain affidavits in regard to the condition of the steamboat, were presented to Judge Walker, at chambers, who made an order " that A. Moseley, as receiver of this court, do immediately take possession of the boat in controversy and hold the same until the further order of this court, and that neither plaintiff or defendant intermeddle with said boat in any way until the further order of this court."

This order was entered in the Chancery Order Book on March 26. Clark appealed from the order.

The grounds of appeal are, that at the time of making the order Judge Walker was without power as a Judge in

Leon county to make such order, Judge Vann being the Judge of said court and alone had jurisdiction in the same cause.   (2.) That the order was made without notice and without any prayer in the bill for the appointment of a receiver, and without any proper allegations showing the necessity of such appointment.   (3.) That the receiver was placed in possession of the steamboat without requiring a bond either from complainant or the receiver.

The decision of a case in North Carolina in respect to the status and jurisdiction of the Judges where one Judge is assigned to hold a term in the place of another, seems to meet the first question in this case.   It was there decided by the court that when the Governor requires a Judge to hold a term of a court, regular or special, for some county outside of his own district, the authority of the Judge is special; the jurisdiction of the proper Judge of the District is superseded by the substituted Judge in that county during the specified term in respect to all cases pending in the specified county.   Bear *et al.* vs. Cohen, 65 N. C., 511, 513.

This concise statement of the law is so appropriate to the circumstances and the constitutional provision of our State we adopt it as expressing the views of this court.   Judge Vann having been designated agreeably to the terms of the Constitution to hold the specified term in Leon county, became, *pro hac vice*, the Judge of the Circuit Court for Leon county during the continuance of the term, as to all causes pending in that county in the Circuit Court; and the authority of the resident Judge, as to such causes, was in the meantime superseded.   As to all matters pending in other counties, and as to any special duties in matters not pending in the Circuit for Leon county, the authority of Judge Walker was not affected.

It follows that the order appealed from cannot be sustained.

There was no prayer for a receiver, or an injunction contained in the bill. If the application for a receiver is made before decree, it will not be granted unless the bill contains a specific prayer that a receiver be appointed. 2 Daniel's Chy., 5th Ed., 1734; Pasco vs. Gamble and Poole, 15 Fla., 562, 571. The complainant must amend his bill to make this equitable remedy available. Ibid. And see Rules 25, 26, 41, Circuit Court Rules in Equity.

Respondent cites the language of Chancellor Walworth in Martin vs. VanSchaick, 4 Paige, 479, and Innes vs. Lansing, 7 Ib., 583; also Allen vs. Hawley, 6 Fla., 142, 163, to the effect that in suits to dissolve a partnership the appointment of a receiver is a *matter of course*, if the parties cannot agree among themselves as to the disposition of the property. In each of those cases the bill specially prayed for the appointment of a receiver.

Chancery rules 25 and 26 have been in force since 1842 in Florida, (see 1 Fla. Rep.,) and specific prayers for special orders have always been required. That there may be exigencies in the progress of litigation in which the court may appoint a receiver when there is no prayer therefor in the bill may be true, as is held in Tennessee, especially as between the defendants, but that is an exception to the rule, which the court allows *ex necessitate*. Our practice is governed by our own rules of forty years standing.

The security to be exacted on the appointment of a receiver depends on the character of the property.

The order appealed from is reversed.