STATE OF FLORIDA *ex rel.* CALVIN CLAAR AND J. J. CLAAR, *Relators,* v. H. PIERRE BRANNING, JUDGE OF THE ELEVENTH JUDICIAL CIRCUIT OF THE STATE OF FLORIDA, *Respondent.*

Opinion Filed January 22, 1923.

1. It is well settled that mandamus is the proper remedy to compel its exercise when a court refuses to exercise jurisdiction that it clearly possesses.

2. Except as inhibited by the Constitution the legislature has power to prescribe the jurisdiction of courts and of judges.

3. The provision of amended Section 8, Article V, of the State Constitution that "the Governor may, in his discretion, order a temporary exchange of Circuits by the respective judges, or order any judge to hold one or more terms or part or parts of any term in any other Circuit than that to which he is assigned," does not expressly or by fair implication forbid the exercise of his jurisdiction in any county in his circuit by a resident Circuit Judge during the time when a judge of another judicial circuit may be exercising jurisdiction in the circuit of the resident judge, when such resident judge does not interfere with the jurisdiction of the temporarily assigned Circuit Judge while he is acting within the authority conferred by the executive order of assignment.

4. In the absence of an organic limitation, the intent of the law-
making power as expressed in a duly enacted statute is the
controlling law of the land, and the courts have no power
to annul it, but should effectuate such lawmaking intent.

5. Section 3061, Revised General Statutes, 1920, is not in conflict
with amended Section 8, Art. V of the Constitution, and the
resident Circuit Judge should give effect to the statute.

Motion to quash overruled.

*Evans & Mershon, A. B. & C. C. Small, and Benson &
Shipp, for Relators;*

*Myers & Myers,* for Respondent.

WHITFIELD, J.—An alternative writ of mandamus issued
by this court in effect alleges that pursuant to provisions
of the constitution and statutes the Governor had by ex-
ecutive order assigned the Judge of the Seventeenth Judi-
cial Circuit to hold a portion of the regular Fall Term of
the Circuit Court for Dade County in the Eleventh Judi-
cial Circuit from January 4th to January 17th, 1923, both
inclusive; that the said assigned Circuit Judge did on Jan-
uary 4th, 1923, begin the holding of the Circuit Court in
Dade County under the executive order; that thereafter,
on January 4th, 1923, the relators presented to the resi-
dent Circuit Judge in Dade County a demurrer to an
amended declaration in an action in a case of Vance V.
Claar then and there pending in the Circuit Court for Dade
County, with a request that said resident Circuit Judge
do hear and determine such demurrer, but the said resi-
dent Circuit Judge though not disqualified did then and
there decline and refuse to hear and determine the same
upon the ground that he had no jurisdiction of said mat-
ter, and still refuse to hear and determine said demurrer.

The alternative writ commanded the respondent Circuit Judge to hear and determine the demurrer or to show cause for not doing so. By a return the respondent admits the allegations of the alternative writ, and respondent moves to quash the alternative writ on grounds that the alternative writ shows the Judge of the Seventeenth Judicial Circuit is now in Dade County holding a portion of a term of the Circuit Court under an executive order and that Section 3061 Revised General Statutes, 1920, in so far as it provides that while a Circuit Judge of one judicial circuit under executive order is exercising the jurisdiction of a Circuit Judge in a county of another judicial circuit, the resident Circuit Judge "is not deprived of or affected in jurisdiction other than to the extent essential so as not to conflict with the authority of the temporarily assigned Circuit Judge," is unconstitutional and void, because the same is in conflict with Section 8 of Article V of the Constitution of the State of Florida.

Sections 3060 and 3061 Revised General Statutes, 1920, first enated as Chapter 6900 Acts of 1915, are as follows:

"3060. Jurisdiction of Circuit Judge assigned to another circuit.—When a circuit judge is by executive order assigned to hold one or more terms or parts of terms in a circuit where he does not reside, the judge so assigned shall, for the particular case or cases or class of cases or during the term or part of term named or specified in the assignment, have complete jurisdiction when in the county to which he is assigned as if he were a resident circuit judge; and such jurisdiction shall be additional to and concurrent with and not exclusive of the resident circuit judge's continued jurisdiction over the circuit wherein he resides; and such jurisdiction shall continue when necessary for the complete disposition of cases by motion in due course after

verdict or in settling a bill of exceptions presented in due course.''

''3061.   Jurisdiction of resident circuit judge as affected by an assigned circuit judge.—When a circuit judge is assigned to another circuit, none of the circuit judges in such other circuit shall, because of such assignment, be deprived of or affected in his jurisdiction other than to the extent essential so as not to conflict with the authority of the temporarily assigned circuit judge as to the particular case or cases or class of cases, or in presiding at the particular term or part of term named or specified in the assignment.''

It is well settled that mandamus is the proper remedy to compel its exercise when a court refuses to exercise jurisdiction that it clearly possesses.   Crump v. Branning, 74 Fla. 522, 77 South. Rep. 228; State ex rel. Hopps v. Horne, 75 Fla. 149, 77 South. Rep. 572; Ex parte Henderson, 6 Fla. 279; State ex rel. Sanchez v. Call, 36 Fla. 305, 18 South. Rep 771.

The asserted invalidity of Section 3061 Revised General Statutes, 1920, is that it conflicts with the following provision of Section 8, Art. V of the State Constitution of 1885, as amended in 1902, which organic provision was not in any way involved in the decision in State ex rel. West v. Butler, 70 Fla. 102, 69 South. Rep. 771:  ''The Governor may, in his discretion, order a temporary exchange of circuits by the respective judges, or order any judge to hold one or more terms or part or parts of any term in any other circuit than that to which he is assigned.''   The corresponding provision of the constitution of 1868 is:  ''The Chief-Justice may in his discretion, order a temporary exchange of Circuits by the respective Judges, or any Judge to hold one or more terms in any other Circuit than that to

which he is assigned." In view of the differences in the two organic provisions, and of other changes in the constitution, the decision in Clark v. Rugg, 20 Fla. 861, under the quoted provision of the, constitution of 1868, that the power of the resident Circuit Judge in a county is superseded during the holding of a term of court in that county by an assigned circuit judge, is not controlling in determining the validity of Section 3061 Revised General Statutes under the organic provision first above quoted.

The Clark-Rugg case followed Bear v. Cohen, 65 N. C. 511, in which case Section 14, Art. IV of the North Carolina Constitution required the assigned judge to act "in lieu" of the resident judge and the court expressly invoked the argument of convenience and the local rules of practice in construing the constitution, there apparently being no statute on the subject. See Corbin v. Berry, 83 N. C. 27, where a subsequent statute conferred jurisdiction on the resident judge. In Clark v. Rugg, the decision merely applied to the Constitution of 1868, as the case of Bear v. Cohen had applied a substantially different provision of the North Carolina constitution. In this case a statute enacted in 1915 under amended· Section 8 of Article V of the Constitution of 1885 is to be interpreted and applied in the light of the entire present organic law. ·

It is not the, purpose of the quoted amended provision of the constitution of 1885 to interfere with the jurisdiction of a resident Circuit Judge except as to matters covered by an order making a temporary assignment of another Circuit Judge "to hold one or more terms or part or parts of any term" in a circuit other than that to which he is permanently assigned under the constitution. The policy of having two or more. Circuit Judges exercise jurisdiction in the same circuit at the same time is

3—Vol. 85.

now definitely established in this State by the adoption in 1922 of an amendment to Article V of the Constitution designated as Section 43.  See Acts of 1921, p. 425.

The quoted provision of amended Section 8 of Article V of the Constitution of 1885 does not expressly or by fair implication forbid the exercise of his jurisdiction in any county in his circuit by a resident Circuit Judge during the time when a judge of another judicial circuit may be exercising jurisdiction in the circuit of the resident judge, when such resident judge does not interfere with the jurisdiction of the temporarily assigned Circuit Judge while he is acting within the authority conferred by the executive order of assignment.  See Thebaut v. Canova, 11 Fla. 143; Swepson v. Call, 13 Fla. 337; State *ex rel.* Florida Pub. Co. v. Hocker, 35 Fla. 19, 16 South. Rep. 614; Simonton v. State *ex rel.* Turman, 44 Fla. 289, 31 South. Rep. 821, and Chapman v. Reddick, 41 Fla. 120, 25 South. Rep. 673, for discussion of legislative powers in conferring jurisdiction on Circuit Judges.  Except as inhibited by the Constitution the legislature has power to prescribe the jurisdiction of courts and of judges.

Sections 3060 and 3061 Revised General Statutes are designed to effectuate and are not in conflict with the language or the meaning and intent of the quoted provision of amended Section 8, Article V of the Constitution of 1885.  The statute does not purport to provide for the appointment of an additional *permanent* Circuit Judge in a judicial circuit under amended Section 35 of Article V of the Constitution, as did Chapter 6899, Acts of 1915, held to be invalid in State *ex rel.* West v. Butler, *supra,* but Section 3060 Revised General Statutes merely provides for an executive order authorizing and directing a judge of one circuit "to hold one or more terms or part or parts of

any term in'' another circuit pursuant to amended Section 8, Article V of the Constitution.

The provisions of Section 3061, that the authority of the Circuit Judge sent into a circuit by executive order shall not affect the jurisdiction of the resident Circuit Judge except so far as not to conflict with the authority of the assigned Judge as to the matters specified in the executive assignment, are designed to facilitate the business of the Circuit Court and to avoid conflicts of jurisdiction, which objects of the statute are consistent with the intent and purpose of the quoted organic provision of 1885 as amended in 1902 under which the statute was enacted.

In the absence of an organic limitation, the intent of the law-making power as expressed in a duly enacted statute is the controlling law of the land, and the courts have no power to annul it, but should effectuate such lawmaking intent.

Section 3061 Revised General Statutes, 1920, is not in conflict with amended Section 8, Art. V of the Constitution, and the resident Circuit Judge should give effect to the statute.

The motion to quash the alternative writ should be overruled. See State ex rel. Duke v. Wills, 49 Fla. 380, 38 South. Rep. 289; State ex rel. Turner v. Hocker, 36 Fla. 358, 18 South. Rep. 767; State ex rel. Sanchez v. Call, 36 Fla. 305, 18 South. Rep. 771; State ex rel. Ross v. Call, 39 Fla. 504, 22 South. Rep. 748; State ex rel. Birmingham T. & S. Co. v. Reeves, 44 Fla. 179, 32 South Rep. 814; State ex rel. Willie v. Barnes, 22 Fla. 8.

The motion to quash the alternative writ is overruled. .

TAYLOR, C. J., AND BROWNE AND WEST, J. J., concur.

ELLIS, J., specially concurs.

ELLIS, J.—Concurring.

I cannot agree to the reasoning in this case, although I am in accord with the conclusion reached because if, as. held in the cases of State *ex rel.* West v. Hilburn, 70 Fla. 55, 69 South. Rep. 784, and State *ex rel.* West v. Butler, 70 Fla. 102, 69 South. Rep. 771, the legislature could not by law provide for the appointment of two circuit judges for one circuit, it could not provide by law under the same constitution for two circuit judges although of different circuits functioning at the same time in the same county. That such is the case in Duval County is by constitutional provision especially applicable to that county.

My understanding of the two cases above referred to is that they hold that it was the settled policy of this State (until the adoption of the amendment proposed in 1921, which became Section 43 of Article V) that only "one Judge should be assigned to each circuit." In a dissenting opinion written by me in the first of the two cases above cited I expressed the view that Chapter 6899, which provided for the appointment of two judges for one circuit, was valid. In that view Mr. Justice Cockrell, then a member of the court, agreed, but a majority of the court held otherwise.

Chapter 6900 Acts of 1915 was passed at the same session of the legislature and was approved by the Governor the day following the passage over his veto of Chapter 6899. One Act provided for the appointment of two judges for one circuit. The other provided that two judges, already holding commissions but for different circuits, may be temporarily assigned to one circuit. Section

8 of Article V of the constitution provides that the "Governor may, in his discretion, order a temporary exchange of circuits by the respective Judges, or order any Judge to hold one or more terms or parts of terms in any other circuit than that to which he is assigned."

Now, in the Hilburn and Butler cases the court held under that constitution that it was the settled policy of this State that there could be only one judge assigned to each circuit, but if a judge of one circuit could be ordered to hold a term of court in another circuit and the resident judge could still exercise the powers and jurisdiction of a judge of the same circuit, there would certainly arise the situation of two judges being assigned temporarily at least to the same circuit. I think that the majority opinion in this case modifies the opinions in the Hilburn and Butler cases to the extent that while there cannot be two judges permanently assigned to one circuit there may be two temporarily assigned to one circuit.

I am unable to appreciate the distinction because under the Hilburn and Butler cases the constitution was interpreted to mean that there could be only one judge of one circuit court.

I think that under Section 35 Article V of the constitution, amended in 1910, provision was made for the growth of the State or just such an emergency as has arisen in Dade County by changing the settled policy that had theretofore existed of having only one judge to the circuit court and left it to legislative discretion to provide for two or more judges to one circuit permanently or temporarily, and Chapters 6899 and 6900, Acts of 1915, were enacted in the exercise of the legislative power of which the amendment, after removing the restriction imposed by the section amended, became declaratory in express words thereby re-

moving the implied limitation imposed by Section 8 of Article V.

Now since the court in the Hilburn and Butler cases has said that there cannot be two judges to one circuit permanently, how does it come about that there can be two judges to one circuit temporarily?

A judge of one circuit has no more power or jurisdiction in some other circuit than a private citizen. To enable him to exerecise the functions of a judge of that other circuit he must be assigned to that circuit by the Governor temporarily under the provision of Article V of the constitution, but as the court says there cannot be two judges assigned to one circuit, it follows that when a judge from one circuit is assigned temporarily to another circuit, the judge of the latter ceases temporarily to have the power or jurisdiction of a judge of the latter circuit.

The conclusion in this case however is that two judges may exercise the powers and jurisdiction of judge of one circuit at the same time. The conclusion is in accordance with that arrived at by Mr. Justice Cockrell and the writer in the dissenting opinion in the Hilburn case but by different reasoning.