MINNIE H. REYNOLDS, *Petitioner,* v. MALLORY F. HORNE, AS
CIRCUIT JUDGE OF THE THIRD JUDICIAL CIRCUIT OF FLOR-
IDA, *Respondent.*

Division B.

Opinion Filed November 6, 1924.

Where the Judge of a Circuit Court in form adjourns a regular
    term of the court to a future day covering a period during
    which a regular term of the court in another county of the
    circuit is duly held, such future term is in law not an ad-
    journed term but a special term, and should be so regarded
    in proceedings taken during such term; and such term may
    be held by the Circuit Judge at the appointed time even
    though a regular term of the Circuit Court in another
    county of the Circuit is being held by a Circuit Judge tem-
    porarily assigned for that purpose by the Governor.

An application for a Writ of Prohibition.

Prohibition denied.

*W. B. Davis,* for Petitioner.

*J. R. Kelly,* for Respondent.

PER CURIAM.—On an application for a Writ of Prohibi-
tion to prevent the Circuilt Judge from holding a term of
the Circuit Court in Taylor county, it appears from the
allegations of the petition that during the regular Fall
Term of the Circuit Court for Taylor County, the judge
of the court on October 2nd, A. D. 1924, adjourned the
court to October 20th, A. D. 1924, that day being a day
after the period fixed by the statute for the regular Fall
Term of the Circuit Court for Madison County in the same
circuit, which term was duly held, and that a regular term

of the Circuit Court for Columbia County in the same circuit was begun under the statute on October 27, 1924, and such term is being held by another Circuit Judge under temporary assignment by the Governor as provided by law, there being only one Circuit Judge for that circuit. Under the statute the Circuit Judge had the power to call an extra or special term of the court, and the mere fact that the judge in form adjourned the court to a future day, covering and beyond the period during which a regular term of the court should be and was held in another county of the circuit and that he designated the term to be held as an adjourned term, does not in law make the term to be held at the future day a continuation of the regular term; but in law the future term is an extra or special term of the Circuit Court for Taylor County, and should be so regarded in proceedings taken during such term. See Peoples v. State, 46 Fla. 101, 35 South. Rep. 223; Cannon v. State, 62 Fla. 20, 57 South. Rep. 240, modified. And the fact that during such special term the regular term of the Circuit Court in another county in the circuit is convened and held by a Circuit Judge temporarily assigned for that purpose by the Governor, does not prevent the holding of the special term of the court in Taylor county at the appointed time. See State *ex rel.* Claar v. Branning, 85 Fla. 61, 95 South. Rep. 237.

Prohibition denied.

WHITFIELD, P. J., AND WEST AND TERRELL, J. J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.