EX PARTE BIENVILLE INVESTMENT COMPANY, INC.

136 So. 328.

Division A.

Opinion filed July 27, 1931.

*Robert H. Anderson* and *Sutton, Tillman & Reeves, Mabry, Reaves & White* and *Frank T. Phillips,* Attys.

BUFORD, C.J.,—Petition for writ of prohibition was filed in the Circuit Court of Hillsborough County, Florida, praying for writ to be issued against the county judge prohibiting him as judge of the county court of Hillsborough County from assuming further jurisdiction in a certain cause pending therein, wherein Annie F. Breniser, a widow, was proceeding against Bienville Investment Company, Inc. under the provision of section 3534 et seq. R. G. S., 5398 et seq., C. G. L., to evict Bienville Investment Company, Inc. from certain premises for the non-payment of rent under the terms of certain leases of which Bienville Investment Company, Inc. had become the assignee.

The petition of the landlord was filed in the county court of Hillsborough County on the 12th day of July, 1930. On the 15th day of July, 1930, the defendant filed motion to quash on the following grounds, to-wit:

"1. Chapter 6463, Laws of Florida, approved June 5th, 1913, (sections 5407-5417 C. G. L. 1927) is unconstitutional and void because:

(a) County courts have no constitutional jurisdiction to entertain the proceedings provided by said act.

(c) Said statute attempts to confer judicial powers upon the clerk of the County Court.

2. Under Chapter 5987, Laws of Florida, approved May 5th, 1909, as amended by chapter 7027, Laws of Florida, approved May 31st, 1915, the County Court of Hillsborough County has no jurisdiction to entertain such proceedings.

3. It is apparent, from the allegations of the petition, that the controversy between the parties herein involves the title and boundaries of real estate and so is within the exclusive constitutional jurisdiction of the Circuit Court.

4. The petition herein is improperly addressed to the clerk of the court.

5. It affirmatively appears, from the allegations of the petition, that the defendant claims under a written contract or lease and therefore it may not be dispos-

sessed under the so-called Delinquent Tenant Act.''

The Court made an order continuing the hearing on motion to quash to the 21st day of July, 1930 at two o'clock in the afternoon. Thereupon, Bienville Investment Company, Inc., on the 28th day of July, 1930, applied to the Circuit Court of Hillsborough County for a writ of prohibition. Rule nisi was issued. Demurrer to the rule was filed by the petitioner Breniser and also by Cornelius, Judge.

On the 2nd day of August the petitioner amended its petition. The demurrers to the petition coming on to be heard after amendment of August 2nd, 1930 the Circuit Judge sustained the demurrers and dismissed the petition. Whereupon writ of error was sued out from this Court.

The contention is that the provisions of chapter 6463 Acts of 1913 now appearing as sections 5407 to 5417, C. G. L. of Fla. are unconstitutional in that the provisions of such statute attempt to confer jurisdiction on the county courts in matters involving the title or boundaries of real estate.

It is contended that because the petition of the landlord alleges that the premises are occupied by the defendant under a written lease that title is necessarily thereby involved.

There might be cases in which title to real estate would be involved in an action in which the eviction of a tenant was sought, but the record here fails to show that title is so involved in this case as to place the same beyond the jurisdiction of the county court.

It may be said as a general rule that a tenant is estopped from denying the title of the landlord, but it does not follow that a tenant may now deny the existence of the relationship of landlord and tenant and, therefore, if that relationship is denied the question of title might be involved. The demurrer admits that the defendant is the tenant of

the landlord seeking to evict the tenant from the premises involved here.

Every case involving the unlawful detention of property would involve an element of title, to-wit, the right of possession, but our constitution does not prohibit this element of title being determined by the county court.

Section 18, Article V of our constitution grants jurisdiction of the county court,

"of proceedings relating to the forcible entry or unlawful detention of lands and tenements."

Section 3325 R. G. S., 5169 C. G. L., prescribes that county courts shall have jurisdiction of proceedings in relation to forcible entry and unlawful detention of lands.

Section 3534 R. G. S., 5398 et seq. C. G. L., provide for the procedure by which a delinquent tenant may be removed. There is a vast difference between the statutory proceeding of forcible entry and unlawful detainer and the statutory proceeding to oust a tenant for the unlawful detention of leased premises. The province of the action for forcible entry and unlawful detainer and its application is clearly stated by Mr. Justice Ellis in the opinion in the case of Goffin vs. McCall, 91 Fla. 514, 108 Sou. 556. The statutory action for the eviction of a delinquent tenant does not involve issues which are essentially involved in an action for forcible entry or unlawful detainer. Our statute expressly provides that delinquency in payment of rent shall constitute a cause for the landlord to remove the tenant. This provision may be waived or contained in a contract of tenancy but if that provision is not waived in a written contract of tenancy, then when a tenant fails and refuses to pay his rent as provided for in the contract he forfeits his rights to possession under such contract and if, after demand of the landlord, he continues in possession he unlawfully detains the possession of the lands.

If it had been the purpose of the drafters of the constitution to exclude from jurisdiction of the county courts cases

in which only the right of possession of real estate is involved as is suggested by the plaintiffs in error, it appears that the words "forcible entry or unlawful detention of lands" would not have been written as they were in this section as unlawful *detention* necessarily involves the right of possession.

In the case of State ex rel. Calvin Claar vs. Branning, Judge, 85 Fla. 61, 95 Sou. 237, the Court say:

"Except as inhibited by the Constitution the Legislature has power to prescribe the jurisdiction of courts and of judges."

We hold that both the statute and constitution confer jurisdiction in the county court to entertain and determine a proceeding instituted by a landlord under the statutes hereinbefore referred to to evict a delinquent tenant, whether such tenant holds under a parol lease or a lease under seal emanating from the landlord and running to the alleged tenant either directly or by assignment and that the mere fact that the tenant claims under a lease under seal for a period of years executed by the landlord and under which the tenant holds either as direct lessee or assignee of the lease does not raise the question of title or boundaries of property so as to preclude such jurisdiction.

The judgment should be affirmed and it is so ordered.

Affirmed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.