STATE OF FLORIDA, ex rel. WEST'S DRUG STORES, INC., a corporation, *Plaintiff in Error,* v. G. H. CORNELIUS, as County Judge of Hillsborough County, and ALLEN INVESTMENT COMPANY, *Defendants in Error.*

149 So. 332.
Division B.
Opinion filed May 23, 1933.
Re-hearing denied July 13, 1933.

*J. C. Davant* and *James F. Sikes,* for Plaintiff in Error; *Bivens & Huggins,* for Defendants in Error.

PER CURIAM.—This case is before us on motion to advance the hearing to dispose of the case on its merits. The writ of error is to the judgment of the Circuit Court sustaining a motion to quash a petition seeking to prohibit the County Judge of Hillsborough County, Florida, and Allen Investment Company, a corporation, from maintaining a certain suit filed in that court which was instituted upon a petition for removal of a tenant and dismissing the cause.

It is elementary that neither the County Judge's Court nor the County Court has any jurisdiction except that which is given it under the Constitution of the laws of the State of Florida. The laws applicable to such cases are found in Section 3459 R. G. S., 5312 C. G. L., which section reads as follows:

Sec. 5312, C. G. L: "Remedy declared for unlawful detention. If any person shall enter or shall have entered in a peaceable manner into any lands or tenements, in case such entry is lawful, and after the expiration of his right shall continue to hold the same against the consent of the party entitled to the possession, for years or otherwise, shall be entitled to the like summary remedy at any time within three years after the possession shall have been withheld from him against his consent."

The above quoted section vests jurisdiction in the County Judge to determine the cause presented to him by the petition.

There was a motion to quash the petition, which motion was overruled.

The contention appears to have been that the action was brought under Sections 3534 R. G. S., 5398 C. G. L., 3535 R. G. S., 5399 C. G. L. and 3536 R. G. S., 5400 C. G. L. This contention, however, is not tenable. The actions there dealt with are those arising out of the relationship of landlord and tenant. Here the controversy is between a tenant claiming to hold under the terms of a lease and a subsequent lessee claiming the right of possession as against that tenant, and the procedure which is followed in this case is provided by the statutes. See Section 3460 R. G. S., 5313 C. G. L., et seq.

In this case both parties claim the right of possession from the same source and the right of possession is the only question involved.

It, therefore, follows that the motion to quash the petition for prohibition was properly sustained and the judgment in favor of the respondent was without error and should be affirmed.

It is so ordered.

Davis, C. J., and Whitfield, Ellis, Terrell and Buford, J. J., concur.

Brown, J., concurs in the conclusion.