STATE, *ex rel.* R. E. RICH, v. HON. DAVID ELMER WARD, Judge, County Court, Lee County, and C. L. DeFOOR.

185 So. 846.
Division A.
Opinion Filed January 20, 1939.

886

*Strayhorn & Strayhorn,* for Plaintiff in Error;

*Henderson & Franklin* and *Parker Holt,* for Defendants in Error.

BUFORD, J.—Writ of error brings for review judgment sustaining demurrer to petition for writ of prohibition, and denying the writ.

C. L. DeFoor on June 3rd, 1938, filed in the County Court of Lee County Florida, his petition for unlawful detainer under Section 3459 R. G. S., 5312 C. G. L., in the statutory form, against R. E. Rich, plaintiff in error, Relator in the Circuit Court and the original defendant in the prohibition action. R. E. Rich has possession of certain property under a lease dated September 1, 1935, and expiring on September 1, 1940, and signed by Elva E. Denison, *et al.,* and Rich has had continual possession since the date of the lease. On December 28, 1937, the same lessor, Elva E. Denison, executed and delivered to C. L. DeFoor a warranty deed to a portion of the same premises. On June 3rd, 1938, C. L. DeFoor filed his petition for unlawful detention, without ever having been in possession of the premises; R. E. Rich having been in constant and continuous possession. The foundation for the petition for unlawful detainer was the contention that certain breaches of the lease has been committed by R. E. Rich, none of the alleged breaches, however, being for non-payment of rent. R. E. Rich then filed in the Circuit Court of Lee County, Florida, his petition for Writ of Prohibition, setting up facts to the effect that C. L. DeFoor had never had possession of the property, but that on the contrary he, Rich, had had continual possession, and therefore, for this reason as well as others set forth in the petition for prohibi-

tion the County Court should be prohibited from trying the case of Unlawful Detainer. Order to show cause was issued on above petition, to which respondents filed their return and demurrer; in neither of which did they ever claim that C. L. DeFoor had ever had possession of the premises. After argument, the Circuit Court sustained Respondent's demurrer and denied Relator's writ of prohibition, from which order this appeal is prosecuted.

Plaintiff in error poses three questions for our consideration, as follows:

"1. Can a grantee under a warranty deed maintain an action for Unlawful Detention against Lessee holding prior and unexpired lease from same parties to same premises, where grantee has never been in actual possession of the premises?"

"2. Where grantee received a warranty deed from same party as previously had signed and sealed a written lease to a lessee who is still in possession under the unexpired lease—is an action between the grantee and the lessee, with titles as aforesaid, such a contest of title as to prevent grantee from maintaining an action for Unlawful Detainer against lessee in County Court?"

"3. Can the question of whether or not forfeitures have occurred in a written lease not yet expired, be tried in County Court in Unlawful Detention action."

The lease executed by owners under whom the parties to this suit claim and by the lessee under which plaintiff in error claims, contains the following covenant, viz.:

"And the said Lessee hereby covenants and agrees that if default shall be made in the payment of the rent as aforesaid, or if the said Lessee shall violate any of the covenants of this Lease, then the said Lessee shall become a tenant at sufferance, hereby waiving all right of notice, and

the Lessors shall be entitled immediately to re-enter and retake possession of the demised premises."

. The suit in the County Court as indicated by the record was not an action for forcible entry, but was one for unlawful detainer. The statute, *supra, inter alia* provides a remedy for one deprived of possession whether theretofore in possession or not.

Section 3438 R. G. S., 5311 C. G. L., provides a remedy for one who is unlawfully turned out of possession by forcible or unlawful entry. The cases of Goffin v. McCall, 91 Fla. 514, 118 Sou. 556; and Perry Naval Stores Co. v. Griffin, 57 Fla. 133, 49 Sou. 554, involve proceedings under the latter statute.

The case here under consideration is ruled by our opinion and judgment in the case of State, *ex rel.* West Drug Stores, Inc., v. Cornelius, as County Judge, *et al.,* 110 Fla. 299, 149 Sou. 332. In that case the writ of error was to the judgment of the Circuit Court sustaining a motion to quash a petition seeking to prohibit the County Judge of Hillsborough County, Florida, and Allen Investment Company, a corporation, from maintaining a certain suit filed in that court which was instituted upon petition for removal of a tenant and dismissing the cause, and we said:

"Sec. 5312 C. G. L. 'Remedy declared for unlawful detention. If any person shall enter, or shall have entered in a peaceable manner into any lands or tenements, in case such entry is lawful, and after the expiration of his right shall continue to hold the same against the consent of the party entitled to the possession, for years or otherwise, shall be entitled to the like summary remedy at any time within three years after the possession shall have been withheld from him against his consent.'

"The above quoted section vests jurisdiction in the County Judge to determine the cause presented to him by

the petition. There was a motion to quash the petition, which motion was overruled.

"The contention appears to have been that the action was brought under Sections 3534 R. G. S., 5398 C. G. L., 3535 R. G. S., 5399 C. G. L., and 3536 R. G. S., 5400 C. G. L. This Contention, however, is not tenable. The actions there dealt with are those arising out of the relationship of landlord and tenant. Here the controversy is between a tenant claiming to hold under the terms of a lease and a subsequent lessee claiming the right of possession as against that tenant, and the procedure which is followed in this case is provided by the statutes. See Section 3460 R. G. S., 5313 C. G. L., *et seq.*

"In this case both parties claim the right of possession from the same source and the right of possession is the only question involved.

"It, therefore, follows that the motion to quash the petition for prohibition was properly sustained and the judgment in favor of the respondent was without error and should be affirmed."

The only factual difference between that case and the case at bar is that in the Wests Drug Stores, Inc., case the suit in the County Judges Court was by a lessee of the owner against a tenant claiming his rights to hold under a prior lease and in this case the suit is by the grantee from the former owner against a prior lessee of the former owner.

The case of *Ex parte* Bienville Investment Company, Inc., 102 Fla. 524, 136 Southern 328, is in line with the West Drug Stores, Inc., case, *supra,* and deals with questions involved here. In that case it was said:

"It is contended that because the petition of the landlord alleges that the premises are occupied by the defendant under a written lease that title is necessarily thereby involved.

"There might be cases in which title to real estate would be involved in an action in which the eviction of a tenant was sought, but the record here fails to show that title is so involved in this case as to place the same beyond the jurisdiction of the county court.

"It may be said as a general rule that a tenant is estopped from denying the title of the landlord, but it does not follow that a tenant may not deny the existence of the relationship of landlord and tenant and, therefore, if that relationship is denied the question of the title might be involved. The demurrer admits that the defendant is the tenant of the landlord seeking to evict the tenant from the premises involved here.

"Every case involving the unlawful detention of property would involve an element of title, to-wit, the right of possession but our constittution does not prohibit this element of title being determined by the county court. Section 18, Article V, of our Constitution grants jurisdiction of the county court, 'of proceedings relating to the forcible entry or unlawful detention of lands and tenements.'

Section 3325 R. G. S., 5169 C. G. L., prescribes that county courts shall have jurisdiction of proceedings in relation to forcible entry and unlawful detention of lands. Section 3534 R. G. S., 5398 et seq., C. G. L., provide for the procedure by which a delinquent tenant may be removed. There is a vast difference between the statutory proceeding of forcible entry and unlawful detainer and the statutory proceeding to oust a tenant for the unlawful detention of leased premises. The province of the action for forcible entry and unlawful detainer and its application is clearly stated by Mr. Justice ELLIS in the opinion in the case of Goffin v. McCall, 91 Fla. 514, 108 Sou. 556. The statutory action for the eviction of a delinquent tenant does not involve issues which are essentially involved in an action

for forcible entry or unlawful detainer. Our statute expressly provides that delinquency in payment of rent shall constitute a cause for the landlord to remove the tenant. This provision may be waived or contained in a contract of tenancy but if that provision is not waived in a written contract of tenancy, then when a tenant fails and refuses to pay his rent as provided for in the contract he forfeits his rights to possession under such contract and if, after demand of the landlord, he continues in possession he unlawfully detains the possession of the lands."

Whether or not there has been a forfeiture of the lease is a question to be determined in the County Court and is an issue which the county court has jurisdiction to determine. See State, *ex rel.* Hillman, v. Hutchins, 118 Fla. 220, 158 Sou. 716.

There was not error in the judgment to which writ of error was taken and, therefore, same is affirmed.

TERRELL, C. J., and THOMAS, J., concur.

WHITFIELD, P. J., and CHAPMAN, J., concur in the opinion and judgment.

BROWN, J., not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.