238 So.2d 317 (1970)
Charlie BROWNLEE, Appellant,
v.
I. SUSSMAN, Appellee.
No. 70-65.
District Court of Appeal of Florida, Third District.
August 11, 1970.
Rehearing Denied September 3, 1970.
*318 Roberta Fulton Fox and Howell L. Ferguson, Miami, for appellant.
Schonfeld & Feldman, Miami, for appellee.
Before PEARSON, C.J., and CHARLES CARROLL and HENDRY, JJ.
PER CURIAM.
The appellant was the tenant of the appellee. The appellant failed to pay the rent due December 8, 1969. The appellee brought a complaint pursuant to Chapter 83, Fla. Stat., F.S.A., to recover possession of the premises.
The appellant filed an answer raising affirmative defenses other than the payment of rent[1] and counterclaimed against the appellee landlord. The affirmative defenses were stricken by the trial court upon the ground that a tenant proceeded against under the Delinquent Tenant Act[2] (see Crandall, Florida Common Law Practice, § 437 (1928)) may only be defended upon the ground that the rent has been paid. The counterclaim was transferred to the circuit court. This appeal is from the final judgment awarding the landlord possession of the premises after a finding that the tenant had failed to pay the rent and that the appellee had acted in accordance with the procedure set forth in Chapter 83, Fla. Stat.
On this appeal the single issue is whether equitable defenses may be interposed in a statutory landlord and tenant action for possession of non-payment of rent. The trial court correctly held that the purpose of the legislative acts is to secure to the landlord the right of immediate possession upon the failure of the tenant to pay rent. Ex parte Bienville Inv. Co., 102 Fla. 524, 136 So. 328 (1931); State ex rel. Rich v. Ward, 135 Fla. 885, 185 So. 846 (1939).
*319 Although equitable defenses may not be raised in an action instituted pursuant to § 83.05, Fla. Stat., F.S.A., it should be noted that a court of equity will relieve against the forfeiture of a lease for the non-payment of rent if it is equitable to do so and if there is a tender of payment of the rent due plus accrued interest. Rader v. Prather, 100 Fla. 591, 130 So. 15 (1930); Masser v. London Operating Co., 106 Fla. 474, 145 So. 79 (1933).
See State ex rel. Brown v. Sussman, 235 So.2d 46, Third District, filed May 5, 1970, for a possible means of raising the issues the equitable defenses seek to raise.
Affirmed.
CHARLES CARROLL, Judge (dissenting).
I am impelled to dissent. I regard it as a denial of due process of law, in an action by a landlord to recover possession from a tenant for nonpayment of rent, for the defendant to be denied the right to plead and establish a valid defense he may have (other than the defense of payment).
NOTES
[1] The affirmative defenses alleged that:

(1) the dwelling was substandard; (2) the building was in violation of various building code provisions; (3) the lease was entered into for an illegal purpose and could not be enforced; (4) there was a failure of consideration for the lease; (5) there was a constructive eviction; (6) the landlord had unclean hands.
[2] "§ 83.05. Right of entry upon default in rent  If any person leasing or rerenting any land or house fails to pay the rent at the time it becomes due, the lessor may immediately thereafter enter and take possession of the property so leased or rented."