PEARSON, Judge.
The controlling question on this appeal is whether a landlord may, after the destruction of a building by fire, declare a forfeiture of the lease for default in the payment of rent due prior to the fire where the lease carried the following provision for rebuilding in the case of fire:
“In the event the building, in which the demised premises are located shall be rendered untenantable by fire . . . , the lease shall not be terminated, and the Lessors shall be obligated to rebuild. .. ."
The trial judge held that the covenant to pay rent took precedence and the lease was terminated. The appellant raises two issues on appeal, arguing that (1) the covenant to rebuild should have been enforced after a tender of the defaulted rent payments, and (2) the record conclusively established a waiver of the default in pay *394 ment of rent. We hold that neither point presents error on this record, and we affirm.
The trial judge’s findings of fact are as follows:
“1. On January 11, 1976 a fire destroyed The Calypso Lounge, which lounge constituted the premises subject to the lease at issue in this case (‘the Lease’).
“2. When the fire occurred, Plaintiff, the lessee, was three months in arrears in the rental payments required by the Lease to be made to Defendant, the lessor, in breach of the Lease.
“3. Plaintiff was unable to pay its rent because at the time of the fire it was suffering losses in excess of $1,500 per month, had a capital deficit in excess of $40,000., and had never shown a profit during its six years of corporate existence.
“4. By February 13, 1976, Plaintiff had still not made the required payments under the Lease.
“5. Defendant determined to terminate the Lease for that reason, and thereupon authorized its counsel to advise Plaintiff that the Lease was terminated.
“6. Defendant’s counsel sent a letter dated February 13, 1976 to Plaintiff advising that the Lease was terminated for failure to pay the required rent.
“7. Plaintiff admitted receiving that February 13, 1976 letter.
“8. On February 14, 1976, Defendant received an Order from the Metropolitan Dade County Building and Zoning Department which required it to demolish those portions of the lounge still standing within 30 days of receipt of that Order.
“9. Pursuant to that Order, Defendant caused the remainder of the lounge to be demolished.”
The appellant tenant (the plaintiff) sought specific performance of the provision to rebuild and, alternatively, damages for the failure to rebuild. The trial court found that it would be inequitable to grant specific performance. This holding is in accordance with established law. See Schuetz v. Niziolek, 62 So.2d 704 (Fla.1953); and cf. Brownlee v. Sussman, 238 So.2d 317, 319 (Fla. 3d DCA 1970). The trial judge correctly held that the covenant to rebuild did not destroy the landlord’s right to forfeit the lease upon the tenant’s previous default in the payment of rent.[1]
The record does not support plaintiff’s claim of a waiver of default for the nonpayment of rent.
Affirmed.

. The trial judge held:
“2. The Lease, when read and interpreted as a whole, does not forbid Defendant from terminating the Lease for any reason in the event of a fire, but merely forbids Defendant from terminating the Lease solely because of such a fire.”