HENDRY, Judge.
Eugene Howard, trustee, appeals from a final judgment of dismissal and order can-celling and discharging lis pendens entered in favor of Hotel Ocean 71 Associates, Ltd. We affirm.
Howard, a Florida attorney, acting as trustee for the holders of the balance of a leasehold interest in ocean front property in Miami Beach, informed his friends, Hillel and Neil Meyers, of the opportunity to purchase the leasehold interest on the property. At the request of the Meyers brothers, Howard formed the limited partnership, Hotel Ocean 71 Associates, Ltd., with Norman Meyers & Sons, Inc. as the general partner and Hillel and Neil Meyers as the limited partners. Howard arranged the purchase and sale of the leasehold interest, acting as trustee on behalf of the sellers and also representing the buyer, Hotel Ocean 71, the limited partnership. As trustee, Howard took back a purchase money second mortgage for $510,246, and received $500,000 in cash at the closing. A first mortgage held by City National Bank had been placed against the leasehold interest prior to Howard’s acquisition. The sale took place in June, 1981.
Subsequent to this transaction, Howard asked the Meyers brothers if they were interested in purchasing the fee or lessor’s interest in the ocean front property. After a lawsuit with a broker who had previously purchased the fee, Hotel Ocean 71 acquired the lessor’s interest in August, 1983, but assigned the fee to the individual limited partners, Hillel and Neil Meyers. Hotel Ocean 71 lacked the funds to purchase the property; therefore, the Bank of Florida, which lent $450,000 of the $550,000 purchase price, insisted that title to the fee be taken by the Meyers brothers individually, who had already put up $100,000 in cash to close the transaction. The Bank of Florida obtained a first mortgage on the fee.
Due to the deterioration of hotel business on Miami Beach, both the lease and Howard’s purchase money second mortgage on the leasehold interest fell into default beginning in 1983. Howard brought an action to foreclose his mortgage on the lease and filed a notice of lis pendens in November, 1985. In December of that year, the Meyers brothers gave all interested parties, including Howard, due notice pursuant to the default provisions of the lease that Hotel Ocean 71 was in default for nonpayment of rent and taxes for 1983, 1984 and 1985. In February, 1986 the trial court entered a final judgment in favor of the lessors, the Meyers brothers, on the landlord-tenant eviction action they had filed after expiration of the notice period; the judgment acknowledged that the lease by its terms was terminated and restored the lessors to possession.
Howard did not attempt to cure the defaults. Rather, in March, 1986, Howard moved to amend his prior foreclosure complaint. He alleged the Meyers brothers had conspired against him and attempted to defraud him by acquiring the fee interest in their own names and then staging Hotel Ocean 71’s default on the lease to destroy *445 Howard’s interest in the mortgage. In the same vein, he declared the assignment from the limited partnership to the individual partners to be a fraudulent conveyance not supported by consideration. Howard claimed that in taking title to the fee, the Meyers brothers equitably merged the fee and leasehold interests in Hotel Ocean 71. This merger, according to Howard, served to transform his second mortgage on the leasehold interest into a mortgage interest in the fee superior to the interests held by City National Bank and the Bank of Florida. The Meyers brothers moved to strike the notice of lis pendens, moved for a judgment on the pleadings and filed a sworn motion for summary judgment.
The trial court, after carefully considering the motions, pleadings, depositions, affidavits and documents submitted by» the parties, along with arguments of counsel, determined no genuine issues of material fact existed and the Meyers were entitled as a matter of law to a dismissal of the foreclosure action. Specifically, the trial court concluded no merger had occurred between the leasehold estate and the fee because “there was never a unity of title in the same person or entity at the same time.” Moreover, as the record supports, when the Meyers brothers acquired the fee interest, they had “an avowed intent not to cause a merger” of the leasehold and fee interests as they would have been prejudiced by such a merger. See Jackson v. Relf, 26 Fla. 465, 8 So. 184 (Fla.1890); Contos v. Lipsky, 433 So.2d 1242 (Fla. 3d DCA 1983). The Bank of Florida had insisted on lending the Meyers the money to purchase the fee interest in their individual capacity and further required that title to the fee be taken by the Meyers individually so the bank could acquire a first mortgage on the fee. These facts also serve to refute Howard’s claims of conspiracy and fraudulent conveyance in the assignment of the leasehold estate to the Meyers brothers since the Bank of Florida was the party who required that the leasehold interest be assigned to the Meyers. The court additionally found no authority to support Ho- . ward’s contention that his second mortgage on the leasehold interest had been elevated to a superior first lien on the fee.
The trial court concluded that Howard’s mortgage was duly terminated since he had received prior notice of defaults, but failed to utilize the opportunity accorded him to cure the defaults and preserve his security in the leasehold estate. See Masser v. London Operating Co., 106 Fla. 474, 145 So. 79 (1932); Rader v. Prather, 100 Fla. 591, 130 So. 15 (1930); Brownlee v. Sussman, 238 So.2d 317 (Fla. 3d DCA 1970); accord Michigan Trust Co. v. Grand Rapids Hotel Co., 265 Mich. 328, 251 N.W. 414 (1933). The trial judge soundly rejected Howard’s argument that he could not cure the defaults because of the enormous escalation in the rent payments. “The court cannot accept that as a valid contention.... Howard could have come forward and tendered equity and contested the reevaluation, but he elected not to do so.”
After considering the issues on appeal in light of the record, briefs and arguments of counsel, we approve the trial court’s findings of fact and conclusions of law, and affirm the final judgment of dismissal and order cancelling and discharging lis pen-dens.
Affirmed.