DONE AND ORDERED.

**In re ONE FOURTH STREET NORTH, LTD., Debtor.**

**ONE FOURTH STREET NORTH, LTD., Plaintiff,**

v.

**FLORIDA FEDERAL SAVINGS AND LOAN ASSOCIATION, Defendant.**

Bankruptcy No. 89–02828–8P1.
Adv. No. 89–00231.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Dec. 5, 1989.

Donald Stichter, Tampa, Fla., for plaintiff.

John A. Yanchunis, St. Petersburg, Fla., for defendant.

U.S. Trustee, Tampa, Fla.

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case and the matters under consideration are Motions for Summary Judgment filed by both One Fourth Street North, Ltd. (Debtor) and Florida Federal Savings and Loan Association (Florida Federal). The Motions are filed in adversary proceeding number 89–231, which was brought by the Debtor who seeks a determination by this Court that the certain lease entered into by the Debtor and Florida Federal has been effectively terminated prior to the commencement of this Chapter 11 case. Both the Debtor and Florida Federal contend that there are no genuine issues of material fact and each asserts that they are entitled to a favorable judgment in their respective favor as a matter of law.

It is the contention of the Debtor that based on the default by Florida Federal

under its obligation to pay rent under the lease, the lease has been effectively terminated as of April 25, 1989. In opposing the Debtor's contention, Florida Federal not only filed an answer, which is basically a general denial coupled with some affirmative defenses, but also filed a counterclaim in which it seeks a determination by this Court for judgment in its favor based on equitable principles to avoid forfeiture of its leasehold interest (Count I of the Counterclaim). Florida Federal also seeks a declaration from this Court that under the terms of its note, mortgage, modifications and other instruments, it had a right to retain or setoff the rent payment due by it to the Debtor and, therefore, the lease is still in full force and effect and it is not in default (Count II of the Counterclaim), and, therefore, has not been terminated.

The facts which are relevant to a resolution of the claims asserted by the Debtor and by Florida Federal are indeed basically without dispute and as appear from the record and from the exhibits and affidavits on file can be summarized as follows:

On or about December 29, 1984, Florida Federal sold the Florida Federal Building located at One Fourth Street North to the Debtor. The transaction was financed by Florida Federal and the Debtor executed several Notes, Mortgages, Assignments of Rents, Security Agreement, Loan Agreements and other instruments of security as described in the Counterclaim in favor of Florida Federal to secure the advances by Florida Federal to the Debtor in the original amount of $6,800,000.00. In April of 1986, the Debtor obtained an additional advance in the amount of $1,455,000.00 bringing the principal sum advanced by Florida Federal to $8,245,000.00. In August of 1988, the parties executed a Second Modification of Note and Mortgage Agreement (Exhibit I to the Counterclaim). On the date of the original sale and purchase, the Debtor and Florida Federal also entered into a lease entitled "Memorandum of Lease Agreement" whereby Florida Federal agreed to lease the basement, ground floor, mezzanine, and second floor of the office building purchased by the Debtor from Florida Federal (Exhibit G–1 of the

Answer and Counterclaim of Florida Federal). On May 30, 1986, the parties also entered into a modification of the original lease entitled "Lease Agreement" which added 11,886 square feet of rentable space to the original lease referred to as Suite 350. This modification or addendum to the lease contained the covenant to the effect that the tenant, i.e., Florida Federal, will not have a right to use setoff against any of the rent due and owing to the Debtor under the lease. There is no such covenant included in the original lease.

The Debtor made payments under the terms of the Notes, Mortgages and Modifications, including the payment due October 1, 1988. At that time, there was a balance owing on the notes in the principal amount of $8,245,000.00. The Debtor has made no payment to Florida Federal since October 1, 1988.

Florida Federal, after receiving no payments on the Notes for the months of November and December of 1988 and January and February of 1989, gave notice of acceleration by letter of its attorney sent to the agent of the Debtor and withheld any further rent payment to the Debtor claiming that it was entitled to offset the monies due and owing to it under the note and mortgage against the rent which it was obligated to pay to the Debtor. Florida Federal ceased paying rent in February of 1989. Florida Federal claims that it had a right to withhold the rent payments by virtue of the terms of the provisions of the Mortgage regarding assignments of rents and by the separate assignments of rents provision under Florida Statutes § 697.07, the Security Agreement and Uniform Commercial Code, and the common law permitting the right of self help and setoff.

The Assignments of Rents provision of paragraph 15 of the Mortgage clearly indicates that upon default, Lender may exercise its appointment as attorney-in-fact to collect rents, issues, profits, income and accounts receivable, with and without suit, and apply the same, less expenses of collection, to the indebtedness. Paragraph 30 of the Mortgage further provides that rents collected be applied first toward interest

and, if any remaining, toward principal (Affidavit of Michael Lyons).

Under the separate Assignments of Rents Agreement (Exhibit E to the Counterclaim), the Debtor assigned, as additional collateral and security for the payment of the indebtedness, all present and future rents, issues, profits and income from the property, and each and every part and parcel thereof, and also all present and future right, title and interest in any lease. Florida Federal, after default by the Debtor, noticed the Debtor of its exercise of its rights under the Assignments of Rents Agreement, and pursuant to Florida Statutes § 697.07 (Exhibit J to the Counterclaim). Additionally, the Security Agreement (Exhibit C to the Counterclaim) states in the recitals the collateral which is subject to the security interest. That paragraph indicates that all matters, including proceeds thereof described in Exhibit "B" attached to the Security Agreement are considered collateral. Exhibit "B" to the Security Agreement describes the collateral and includes in the Fifth unnumbered paragraph of page one of Exhibit "B" the following:

"All of the borrowers' interest as Lessor in and to all leases or rental arrangements of the property, or any part thereof, heretofore made and entered into, and in and to all leases and rental arrangements hereafter made and entered into by Borrower during the life of the Security Agreements or by any extension or renewal thereof, together with *all rents* and payments in lieu of rents, together with any and all guarantees of such leases and rental arrangements including all present and future security deposits and advance rentals." (Emphasis added)

The Security Agreement further adopts the remedies contained under the Uniform Commercial Code and under the laws of the State of Florida upon the default of the borrower. Florida Statutes § 679.502(1) permits the secured party to notify and collect from the Obligor that all payments are to be made directly to Florida Federal. Florida Federal informed the Debtor that it intended to exercise its rights under the Security Agreement (Exhibit J to the Counterclaim).

The interest due under the monthly payments of the Note, Mortgage and Modifications, excluding claims for late charges and claims for accelerated interest rates, ranged from approximately $70,000.00 to $90,000.00 (Bettie Van Tilburg's Affidavit, paragraphs 8 through 12). The sums due Florida Federal from the Debtor exceeded only a monthly basis the sums owed by Florida Federal under Rental Agreements. Florida Federal applied the withheld rental sums to the indebtedness of the Debtor. On April 25, 1989, the Debtor caused a letter to be sent by certified mail pursuant to the notice requirements of Paragraph 17.1(b) notifying Florida Federal that due to the default in rent payments, the lease between the Debtor and Florida Federal was terminated pursuant to the default provisions of Paragraph 17 of the original lease.

In its counterclaim, Florida Federal intimates that the Debtor seeks double rent based on the default. This Court is satisfied, however, that inasmuch as no prayer for double rent can be found anywhere in the pleadings, it is unnecessary for this Court to consider anything relating to double rent.

Based on the foregoing, this Court is satisfied that there is a bona fide dispute between Florida Federal and the Debtor and that based upon this bona fide dispute, Florida Federal was entitled to withhold the rental payments from the Debtor, its Landlord. In addition, this Court is well aware that Florida law traditionally abhors the forfeiture of landlord-tenant leases. As Florida Federal has pointed out, forfeiture clauses as contained in the leases attached to the Complaint (Exhibits A and B), are not favored in law or in equity under the case law in the State of Florida. *Rader v. Prather*, 100 Fla. 591, 130 So. 15 (1930). The Florida Supreme Court has ruled that a court of equity has authority to relieve a tenant from forfeiture of his estate based upon his failure to pay rent as required by the lease. *Id.* Generally, equity will relieve against the forfeiture of a lease for

the nonpayment of rent whenever it is just and equitable to do so. Of course, the condition precedent to such relief is the tender of payment of the arrears of the rent with accrued interest. *Nevins Drug Co. v. Bunch,* 63 So.2d 329 (Fla.1953); *Rader v. Prather, supra; Brownlee v. Sussman,* 238 So.2d 317 (Fla. 3d DCA 1970); *Seidle v. Pan American World Airways, Inc.,* 5 B.R. 152 (Bankr.S.D.Fla.1980); *Executive Square Office Building v. O'Connor and Associates, Inc.,* 19 B.R. 143 (Bankr.N.D.Fla.1981). This Court is satisfied that Florida Federal sufficiently met this condition by depositing into the registry of the court the tender of the rental payments with accrued interest when it filed its counterclaim.

Based on the foregoing, this Court is satisfied that there are no material facts in dispute which are relevant to the matter under consideration and that, therefore, this matter can be resolved by summary judgment. Inasmuch as there was a bona fide dispute between Florida Federal and the Debtor and Florida Federal was entitled to withhold rental payments, this Court is satisfied that as a matter of law, the lease was not terminated and still remains in full force and effect. Therefore, the Defendant's Motion for Summary Judgment should be granted, and the Debtor/Plaintiff's Motion for Summary Judgment should be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Defendant's Motion for Summary Judgment be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that the Plaintiff's Motion for Summary Judgment be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that a separate Final Judgment shall be entered in accordance with the foregoing.

DONE AND ORDERED.